[No. 982.]

# THE STATE OF NEVADA, RESPONDENT, *v.* WILLIAM SOULE, APPELLANT.

GENERAL OBJECTION TO EVIDENCE—WHEN SUFFICIENT.—Where the evidence offered is wholly incompetent and inadmissible for any purpose, a general objection on the ground of incompetency is sufficient.

STATEMENT OF ONE DEFENDANT—WHEN INADMISSIBLE AGAINST HIS CO-DEFENDANT.—A statement made by one defendant, upon his preliminary examination, tending to exculpate himself and inculpate his co-defendant, is inadmissible against any one but himself.

APPEAL from the District Court of the Sixth Judicial District, Eureka County:

The facts appear in the opinion.

*Bishop & Sabin*, for Appellant.

I. A deposition can not be introduced (save to correct or dispute the party who made it), unless the party be dead, out of the state, or absent. (1 Comp. Laws, 1779.)

II. Every person on trial in a criminal case has the right to a full and perfect cross-examination of every witness who is called to testify against him. (*State* v. *Larkin*, 11 Nev. 315; 1 Comp. Laws, 1779.)

The paper objected to is only a voluntary statement of one co-defendant against the other defendants and is inad-

missible. (*State* v. *Ah Tom*, 8 Nev. 213, and authorities there cited; *People* v. *Moore*, 45 Cal. 19; Roscoe's Cr. Ev, 50.)

*M. A. Murphy, Attorney-General,* for Respondent.

I. The statements made by the defendant, Gorman, before the committing magistrate, were competent evidence against Soule. (Greenleaf on Ev. vol. 1, sec. 111.)

II. Defendant's objections were too general. The objections should be so stated that the attention of the court below may be directed to the exact point, so that the objection may be thus obviated if it be one of that character. (Civ. Pr. Act, Comp. Laws, 1252; *State* v. *Jones*, 7 Nev. 408; *Martin* v. *Travers*, 12 Cal. 243; *State* v. *Murphy*, 9 Nev. 394; *Dreux* v. *Domec*, 18 Cal. 83; *Leet* v. *Wilson*, 24 Id. 399; *Kiler* v. *Kimbal*, 10 Id. 267.)

III. The objection that the paper read to the jury was not a deposition or statement such as is contemplated by the statute, comes too late. (*Covillaud* v. *Tanner*, 7 Cal. 38; *Sharon* v. *Minnock*, 6 Nev. 382; *Robinson* v. *Imperial Co.*, 5 Id. 44; *Potter* v. *Carney*, 8 Cal. 574.)

By the Court, LEONARD, J.:

Appellant, George W. Cooper, and John Gorman were jointly indicted and tried for the crime of burglary. Appellant alone was convicted. Each defendant was represented and defended by his own counsel. This appeal is taken from an order overruling appellant's motion for a new trial and from the judgment.

A reversal is asked upon several grounds, one of which only will be considered.

The record shows that " the district attorney offered a paper purporting to be the statement of John Gorman, one of the defendants, made by him upon his examination before the justice of the peace, to the introduction of which, objection was made by the attorneys of the several defendants. Attorneys for the defendant, Soule, objected to its introduction upon the grounds that it was an *ex parte* statement made in the absence of the defendant, Soule, and

without his having had the opportunity to cross-examine the party or explain the same by other evidence; that the defendant, Gorman, being upon trial, the state could only use his statement made before the examining magistrate for the purpose of explaining or contradicting the evidence that might be given by the party on the stand in this trial; * * * that the said paper is incompetent as evidence to prove any material fact in this case; * * * that the introduction thereof as evidence is unwarranted, contrary to law, and prejudicial to the rights of the defendant Soule."

The statement was admitted. and it can not be doubted that its tendency was to exculpate defendant Gorman and to inculpate appellant. If its admission in evidence was error, it follows that a new trial must be granted.

It is claimed by the attorney-general that "if for any reason the statement was inadmissible, it was upon other and different grounds from those stated by appellant's counsel," and consequently, that the court did not err in overruling the objection made.

It is undoubtedly true, in criminal as well as in civil cases, that, as a general rule, the point of objection should, and must be, specifically stated, to the end that the attention of the court may be directed thereto; and that the opposite party may have an opportunity to obviate the objection if it be in his power to do so. (*Sharon* v. *Minnock,* 6 Nev. 382.) But it is also true that, if the statement of Gorman was not competent evidence against appellant for any purpose, and was prejudicial to his case, it was error to admit it against his general objection, on the ground of incompetency alone. An objection to evidence on the ground of incompetency and illegality, without a specification of the point of incompetency or illegality, does not avail the objecting party, in case the objection is overruled, if the evidence is admissible for any purpose; but if it is wholly incompetent and inadmissible for any purpose, a general objection on the ground of incompetency is sufficient, and the error will be considered and corrected on appeal.

In *Sneed* v. *Osborn,* 25 Cal. 627, the court said: "The appellant makes a further point, that the court erred in ad-

mitting the testimony of H. C. Boggs, concerning the declaration of Governor Boggs, as to the boundaries of the Boggs tract, and we think it well taken. The objection was general, the ground being that it was incompetent and illegal testimony, and it would be the duty of the court to overrule an objection thus taken if the evidence was admissible for any purpose. The party objecting should lay his finger on the point of objection (*Martin* v. *Travers*, 12 Cal. 243, and cases cited). But here the witness stated that Governor Boggs was not then in possession of any of the land, and for that reason his declarations were not competent as evidence."

Defendants jointly indicted may be tried together; but evidence that is admissible against one can not be admitted against another if it is inadmissible as to him and a proper objection is interposed. In such a case it must be received with proper limitations. Appellant's counsel appeared and acted for him alone. They had no interest in, or power to act for, the other defendants, consequently their objections must be considered as having been limited to their client, although they did not so state in terms. It therefore follows that if the statement objected to was inadmissible for any purpose as evidence against appellant, on the ground of incompetency, it was error to admit it generally in the case, even though it was proper to be admitted against defendant Gorman. (See *Voorman* v. *Voight*, 46 Cal. 397.)

It remains to be considered whether the statement admitted was admissible for any purpose against appellant.

We have no hesitation in saying that it was not, and that it would not have been, had it been certified and authenticated according to law. There is no authority in the statute for such a proceeding, and we are unable to find any decision sustaining it.

In the *State* v. *Ah Tom*, 8 Nev. 214, the court said: "During the trial of the cause the state was allowed to introduce in evidence certain declarations made by the defendant Ah Tom to Chinese merchants in San Francisco, several days after the larceny was committed, to the effect that he was entirely innocent of the offense but knew that

his co-defendants were guilty. Neither of the other defendants was present when this statement was made. The admission of this testimony against the objections of defendants Ah Mok, Ah Ping, and Ah Loy, was clearly erroneous.

If there had been complicity between all the defendants in the commission of the offense, the declarations made by either, after the commission of the offense, could not be used as evidence against the other defendants. A mere gratuitous assertion made by a defendant charged with a crime, exculpating himself and inculpating his co-defendants, should never be received as evidence against any one but himself.

We are satisfied that the error committed in this case was as great as in that. The fact that the statement of Gorman was made at his preliminary examination, instead of to some person out of court, can make no difference. It was still a mere gratuitous, voluntary assertion, exculpating himself and inculpating appellant, made in the absence of the latter. The admission of that evidence was prejudicial to appellant. It was incompetent as evidence against him for any purpose. It follows that the judgment and order overruling the motion for a new trial should be reversed, and it is so ordered.

Remittitur forthwith.