McCadden *v.* Lowenstein.

McCADDEN *v.* LOWENSTEIN.

*(Jackson.* May 10, 1893.)

1. SUPREME COURT PRACTICE. *Upon general exception to evidence.*

This Court will reverse for admission of evidence over the general exception that it is "irrelevant and incompetent," if the evidence was not admissible for any purpose—*e. g.*, if it consisted of *res inter alios acta.*

Cases cited: Garner *v.* State, 5 Lea, 218; Iron Co. *v.* Dobson, 15 Lea, 409.

2. EVIDENCE. *When res inter alios acta.*

In suit by vendee to recover value of goods from his vendor's creditor, who had wrongfully attached them upon a false averment of fraud in the transfer, evidence of what had occurred, after the transfer, in the course of legal proceedings brought by other creditors against the vendor involving the goods, is *res inter alios acta,* and incompetent.

3. CHARGE OF COURT. *Refusal of requests proper, when.*

The trial Court does not err in refusing to give special instructions at the request of a party, unless the request is made, or repeated if previously made, at the close of the general charge.

Cases cited and approved: Railroad *v.* Foster, 88 Tenn., 673; Railroad *v.* Hendricks, 88 Tenn., 718; Roller *v.* Bachman, 5 Lea, 158.

4. ESTOPPEL. *By giving forthcoming bond.*

The owner of goods wrongfully attached for the debt of another, upon a false averment of fraud, who retains possession and gives forthcoming bond for them in the attachment case, to which he is not, and declines to become otherwise a party, is estopped after they have been condemned to sale under the attachment, to maintain independent suit against the plaintiff in the attachment proceedings for the value of the goods thus wrongfully converted.

Case cited and approved: 3 Bush (Ky.), 212.

5. SAME. *Same.*

But the owner is not estopped in such case to maintain independent suit against the plaintiff in the attachment proceedings for goods other than those attached seized under execution to satisfy balance of judgment in the attachment case.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. B. ESTES, J.

WM. M. RANDOLPH & SON for Lowenstein.

W. G. WEATHERFORD for McCadden.

McALISTER, J. This is an action of trespass commenced in the Circuit Court of Shelby County by P. McCadden & Co. against B. Lowenstein & Bros., for the alleged wrongful taking and conversion to their own use of a certain stock of merchandise, claimed to be the property of P. McCadden & Co.

The undisputed facts out of which the present controversy has arisen are as follows: In March, 1887, one H. F. Lennox was engaged in the mercantile business at Pendleton, in the State of Arkansas. He had for some time been a customer of P. McCadden & Co. and B. Lowenstein & Bros., of Memphis, and, at the date above mentioned, he

owed P. McCadden & Co. the sum of $7,000, and the said B. Lowenstein & Bros. the sum of $1,400. In addition to this indebtedness, the said Lennox had made other debts, in Memphis and elsewhere, to the amount of several thousand dollars. Lennox, having become embarrassed, and being unable to meet his debts as they matured, sold his entire business and stock of merchandise in store at Pendleton, Ark., to P. McCadden & Co., for the consideration recited in the bill of sale of $7,290.38.

We understand it to be admitted that, at the date of this transfer, the said Lennox was indebted to P. McCadden & Co. in the sum of $7,290.38, the consideration expressed in the bill of sale, and it is undisputed that, at this time, the said Lennox was indebted to the firm of B. Lowenstein & Bros. in the sum of $1,400.

It further appears that after the transfer Lennox returned to Pendleton, opened up a new set of books, and conducted the business in the name of P. McCadden & Co. for about eight days, when he was discharged, and the business was placed in charge of one Watkins, as the agent of P. McCadden & Co. The business was thus conducted for a month or more in the name of P. McCadden & Co., who, from time to time, replenished the stock with goods from their store in Memphis.

On the second of May, 1887, Lowenstein & Bros. sued Lennox in the Circuit Court of Desha County, Arkansas, on a note for $1,357, and, at

the same time, sued out an attachment upon the ground that Lennox had sold, conveyed, or otherwise disposed of his property with the fraudulent intent to cheat, hinder, or delay his creditors. This attachment was levied on a sufficient quantity of goods transferred by Lennox to P. McCadden & Co., to satisfy Lowenstein's debt.

P. McCadden & Co. procured a release of the goods by executing a forthcoming bond, under the provisions of § 327, Mansfield's Digest, Statutes of Arkansas, as follows: "The Sheriff may deliver any attached property to the party in whose possession it was found, upon the execution, in the presence of the Sheriff, of a bond to the plaintiff by such person, with one or more sufficient sureties, to the effect that the obligors are bound, in double the value of the property, that the defendant shall perform the judgment of the Court in the action, or that the property or its value shall be forthcoming and subject to the orders of the Court for the satisfaction of such judgment."

P. McCadden & Co. afterwards appeared in the Circuit Court of Desha County and filed a petition to be allowed to interplead, claiming the title to the goods attached. The day following Lowenstein & Bros. filed a motion, in writing, alleging that the forthcoming bond made by P. McCadden & Co. was defective, and the Court ordered that another bond be executed by McCadden & Co., in accordance with the requirements of the statute. McCadden & Co. failed or refused to execute another

forthcoming bond.   On the next day McCadden &
Co. filed their petition for leave to withdraw their
interplea filed on the day previous, and to retire
from the cause without having their rights adju-
dicated in said litigation, which motion was granted
by the Court, and the interplea withdrawn with-
out prejudice.   On the same day Lowenstein & Bros.
took judgment against Lennox for the amount of
his note, the attachment was sustained, and the
goods were ordered to be sold for the satisfaction
of said judgment.   The Sheriff, in the meantime,
had been ordered by the Court to repossess him-
self of the goods attached, and which had been
left in the possession of McCadden & Co. under
the security of their forthcoming bond, but the
Sheriff was unable to find all of said property.

The Court, in rendering judgment in favor of
Lowenstein & Bros. against Lennox, awarded exe-
cution, which came into the hands of the Sheriff,
who, being unable to find all the goods originally
attached, levied the execution on other goods found
in the store-house of P. McCadden & Co., at Pen-
dleton, Ark.   The property taken under the exe-
cution, and that repossessed by the Sheriff under
the original attachment, was sold, after advertise-
ment, and the proceeds paid over to Lowenstein &
Bros., but the amount realized did not quite satisfy
the judgment recovered.

It is claimed on behalf of McCadden & Co., that
all the goods taken—those which had been attached
and of which the Sheriff repossessed himself, and

the additional goods levied on under the execution— amounted, according to the invoice cost at the time, to $2,072.90. McCadden & Co. seek, by the present suit, to recover the value of the property attached, as well as the value of the property seized under the execution, treating the levy of the attachment and the levy of the execution as equally illegal, and, as such, open to question and attack in the present suit. There was a verdict and judgment in the Court below in favor of Mc-Cadden & Co. for $2,666.77. B. Lowenstein & Bros. appealed and have assigned errors.

The first error assigned is that the Court below allowed P. McCadden to testify that "he was at Warner, Lincoln County, Ark., in September following the judgment and proceedings in the suit of B. Lowenstein & Bros. against H. F. Lennox, at Watson, in Desha County, Ark., defending an application made by the creditors of H. F. Lennox for a receiver of the goods and property which Lennox had transferred to P. McCadden & Co., at Pendleton; that the application was before the Circuit Judge in vacation, and Mr. Weatherford was present as the counsel of Mc-Cadden & Co., and N. T. White, the attorney of Lowenstein & Bros. in their suit at Watson against H. F. Lennox, which had gone into judgment, was present as one of the counsel of the plaintiff in the application; that the application was argued at some length, and indeed very boldly, remarks having been made and the parties offer-

ing sympathy for having the entire counsel of Arkansas against P. McCadden & Co., and that particularly was the application argued by Mr. White, he making the closing argument; that no record was kept of what was done, as the case was not pending in Lincoln County, but was heard while Court was in session there, as a matter of convenience; that the Judge made a very lengthy decision in the case, and refused to appoint a receiver. He stated from the bench that on the first application for a receiver made to him in the first of the cases, that he had to decide that it was very fraudulent, but upon hearing the facts, as stated, he found the bill of sale to be good, and so decided; that the decision was made before the goods had been sold by B. Lowenstein & Bros.; that they had been levied on by order of the Court at Watson, and advertised for sale, and B. Lowenstein & Bros. postponed the sale hoping that the receiver would be appointed, and made the sale after the application."

The exception to this evidence saved by counsel for plaintiff in error was, viz.: "To each of the said questions and answers, respectively, the defendants at the time objected, because the same were irrelevant and incompetent." It is insisted that this exception is too general to challenge the attention of the lower Court to the real objection to the testimony, and that, under the rulings of this Court, such general exception cannot be relied on for a review of the objectionable evidence.

As a rule, a general exception is inefficacious to put the Court in error. Upon principle, it is the duty of a party objecting to evidence to communicate at the time to the Court and the opposite party the grounds of his objection, for the obvious reason that they should have an opportunity of acting advisedly, and not be entrapped into error. *Garner* v. *State*, 5 Lea, 218.

It is plainly the duty of counsel to take the judgment of the Court on the specific ground then made, so that this Court can review it. The contrary practice gives the party an opportunity to state one ground in the Court below, which may be properly overruled, and to rely upon entirely different ground here. *Knoxville Iron Co.* v. *Dobson*, 15 Lea, 409. But when evidence is not competent for any purpose, or is wholly irrelevant, a general objection would be sufficient. The evidence excepted to in this case was not competent for any purpose, and introduced collateral matters which were *res inter alios acta*, and highly prejudicial to plaintiff in error. The Court allowed McCadden to testify to what occurred at a trial at *Warner*, Lincoln County, Ark., on an application for the appointment of a receiver in a suit between Lennox and other creditors. McCadden was allowed to testify to the statements of the Judge at Warner that, on a former application, he had decided that the bill of sale from Lennox to McCadden was very fraudulent, but, upon hearing the facts, he found the bill of sale good. The Court also

allowed McCadden to testify that the Circuit Judge at Warner refused the application for a receiver.

B. Lowenstein & Bros. were not bound by any thing said or done on the application. 1 Wharton on Evidence, Secs. 760, 764, 820, 823. The exceptions should have been sustained and the evidence excluded. The second assignment of error is that the Circuit Judge refused certain instructions, numbered one to seven, inclusive, and set out at pages 124 to 134 of the record.

It appears from the record that these requests were submitted to the Court immediately after the close of the evidence, and before the general charge was delivered. The record recites that the Court overruled, and refused to give the said instructions, except as they are embodied in its general charge. It then gave the jury the following instructions— and here follows the general charge of the Court. The specific instructions asked were not renewed after the delivery of the general charge, and, under well-established rules of practice, and repeated decisions of this Court, error cannot be predicated upon such refusal to charge. *Railroad* v. *Foster*, 4 Pickle, 673; *Railroad* v. *Hendricks*, 4 Pickle, 718; *Roller* v. *Bachman*, 5 Lea, 158.

The next assignment of error is that the Court erred in the following charge to the jury, to wit: "The Court charges you that McCadden & Co. had the right to give a bond to retain the goods levied on in the case of *B. Lowenstein & Bros.* v. *Lennox*; that they had the right to come in and

make themselves parties by interplea, which they did; that the Judge adjudged the bond given by them insufficient, and ordered the officer to retake the goods; that they asked leave of Court, and were allowed to retire from the suit without prejudice. The effect of this was to put them in the same position as if they had never been in the suit, and in no way affects their rights in this suit." As opposed to the view of the law embodied in the charge of the Court, counsel for B. Lowenstein & Bros. insist that the record of the suit in the Desha County Circuit Court, wherein B. Lowenstein & Bros. were plaintiffs, and H. F. Lennox defendant, and exhibited in evidence, is conclusive that the property attached in that suit was subject to the attachment and to the payment of the judgment B. Lowenstein & Bros. recovered against H. F. Lennox, and that P. Mc-Cadden & Co. are estopped by the forthcoming bond they executed for the property attached, and by the judgment in that suit condemning the property to be sold, from setting up title to that property, or claiming that it was not subject to the attachment or the judgment.

It is insisted on behalf of defendant in error that McCadden & Co. never entered into any bond which could have the effect of making them parties to the case of *Lowenstein* v. *Lennox.* It is true, the Supreme Court of Arkansas decided in that case that such bond was not a valid statutory bond, because not conditioned that the defendant.

in the attachment suit shall perform the judgment
of the Court, and for that reason refused a sum-
mary judgment on the bond. The decision went
no further, and did not intimate that the bond was
not a valid obligation, and could not be enforced
as a common law bond. At all events, it appears
from the record that P. McCadden & Co. pro-
cured the release and obtained the possession of the
attached property by executing the bond in ques-
tion, and thereby said firm became parties to the
proceedings in that suit, regardless of the fact that
the condition of the bond was not in precise con-
formity to the requirements of the statute. It is
true that McCadden & Co. are not estopped by rea-
son of afterwards filing an interplea in that case,
since they were afterwards permitted by the Court
to withdraw their interplea.

In 2 Black on Judgments, Sec. 576, it is said
that where a third person intervenes in a pending
action for the purpose of claiming the fund or the
chattel in controversy, as his own, he is concluded
by the judgment in that action, and cannot after-
wards sue on the same claim, at least in respect
to any title acquired prior to the intervention.
But he must actively and substantially make him-
self a party in order to be bound. Thus, where
one claiming personal property attached in an ac-
tion against another appeared in such action and
took time to file a petition of intervention, but
withdrew without filing such petition, it was held

that he was not bound by any subsequent proceedings in the action.

All this is conceded by counsel for plaintiff in error, but it is insisted that the interplea was no part of the forthcoming bond McCadden & Co. gave the Sheriff to secure the release of the property attached; that the bond and interplea were distinct steps taken in the attachment proceedings, and had no relation to each other. The bond was executed by McCadden & Co. in May, at the time the goods were attached, and the interplea was not filed until August, when the Court convened. It is insisted that when the Court permitted McCadden & Co. to withdraw the interplea without prejudice, it did not affect the legal status of McCadden & Co., as fixed in that lawsuit by the execution of the forthcoming bond.

The insistence of counsel is that by executing the forthcoming bond under Section 327 of Mansfield's Digest, Arkansas Statutes, and recovering the property attached by the Sheriff, McCadden & Co. bound themselves, in the manner shown by the bond, for the performance of the judgment of the Court in that case. They thereby made themselves parties to the suit, independent of any interplea they might file, or any claim they might interpose to the property attached. What, then, was the effect of the execution of the replevy or forthcoming bond by McCadden in the case of *Lowenstein Bros.* v. *Lennox*, and did they thereby become parties to that case in such a sense that they are

40—8 P

bound by the judgment in that case? In the case
of *Miller* v. *Desha*, 3 Bush (Ky.), 212, the prop-
erty attached was claimed by a third person, found
in possession of it, and such third person gave a
bond for its forthcoming, in substance the same as
the bond required by Section 327 Mansfield's Di-
gest, Arkansas Statutes. After giving the bond,
the claimant of the property failed to interplead or
make any other defense on the attachment suit, and
a judgment was rendered in favor of the plaintiff
in the suit and against the defendant, and an order
was made for the sale of the property attached for
the satisfaction of the judgment rendered. The
question was as to the effect of the judgment as
between the claimants of the property attached and
the plaintiff in the attachment suit. The Court
decided that the claimant was estopped from set-
ting up any further claim to the property, and that
it was subject to the payment of the judgment.
The syllabus of the case is as follows: " The claim-
ant of attached property, who executes a bond and
retains possession of the property, has legal notice
that the suit is pending to subject the property,
and if he remains quiescent as to his claim until,
by judgment, the property is subjected to the at-
tachment, he shall not be heard in any defense to
the bond, nor to a suit for the recovery of the
property, or money for which it was sold."

We think these principles apply to this case.
The record in this case shows that P. McCadden
& Co. had notice of the attachment proceedings

in Arkansas, and by the execution of a forthcoming bond they remained in possession of the property attached. Subsequently, they presented their petition, and were allowed to file an interplea setting up their claim of title to the property attached. The next day they elected, voluntarily, to withdraw such interplea, and retire from the case. But this retirement did not, and could not, prejudice the rights of B. Lowenstein & Bros. Although McCadden & Co. withdrew their interplea without prejudice, they still remained in possession of the goods attached, and in this way continued to be parties to the proceedings. In the opinion of the Court, it was the duty of McCadden & Co. to assert their title to the goods in that proceeding, and, having failed to do so, they, in effect, agreed that the Court should proceed to render the proper judgment in the case of *Lowenstein* v. *Lennox*, and that the property attached was subject to condemnation for the satisfaction of that judgment. In the opinion of the Court, P. McCadden & Co. are now estopped to maintain an action in Tennessee to recover the value of the property attached, upon two grounds, to wit: first, they should have asserted their title in the attachment proceedings in Arkansas; and, second, for the reason that they failed to deliver up all of the property replevied for the satisfaction of the judgment recovered by Lowenstein against Lennox.

There is another branch of the case that remains to be considered. It appears from the record that

when the Circuit, Court of Desha County pronounced judgment in favor of B. Lowenstein & Bros. against Lennox, it awarded execution, and the Sheriff was also ordered to retake and repossess himself of all the property originally attached. The Sheriff, having failed to recover a large amount of the property replevied by McCadden & Co., proceeded to levy his execution upon other goods in their store-house, but which goods were not embraced in the original attachment. Lowenstein & Bros. indemnified the Sheriff, who, after advertisement, sold the goods and paid over the proceeds to that firm. The judgment and execution under which the Sheriff made his levy were against Lennox, and not against McCadden & Co. B. Lowenstein & Bros. would, therefore, be liable for the value of any goods seized and sold under this execution which were not embraced in the original attachment; and to recover the value of those goods McCadden & Co. will be entitled to maintain their action.

The judgment of the Court below is reversed, and the cause remanded for a new trial.