BAKER, District Judge
(orally). The first reason assigned by counsel why the judgment ought not to be revived is that the judgment appears to be void upon its face, in consequence of the defendant having an answer on file setting up matter in bar of the plaintiff’s complaint, and that he was called and defaulted, and the matter submitted to a jury simply for the assessment of damages, whereas the cause ought to have been, as is claimed, submitted to the jury upon the issues raised by the pleadings, and the whole question of the defendant’s liability determined by the jury after hearing all the evidence of the parties, respectively, in regard to the matters of complaint and matters of defense. The error so pointed out, if an appeal had been taken, and the correctness of the judgment challenged in a direct proceeding, would have been availing, and the judgment would undoubtedly have been reversed. The present attack, however, is collateral; and, where a collateral attack is made upon a judgment, different principles control. If three things are found or are shown affirmatively by the judgment to exist, the judgment will be valid and unassailable as against a collateral attack. These three things are: First, a regularly organized court; secondly, jurisdiction over the person of the defendant; and, third, jurisdiction over the subject-matter. All these requisites affirmatively appear on the face of the *992 judgment read in evidence, and however irregular or wrongful the-action of the court may have been, inasmuch as the court was a competent court, inasmuch as it had jurisdiction over the subject-matter and over the person of the defendant, it had power to render a judgment which would be unassailable, regardless of any intervening errors, when attacked collaterally. It follows that the judgment as to-this debt is conclusive as to the amount of the. indebtedness then existing.
It was secondly insisted by counsel that the credit of $8,552 made-upon the judgment was too small, for the reason that it appeared from the testimony of the defendant and the memoranda that he produced on the hearing that there was actually collected on the col-laterals assigned the sum of $10,481, of which amount the present plaintiff, William Foster, received the sum of $9,957, and that he ought to be charged with that amount as of the 9th of June, 1888. Mr. Foster, however, testifies that he was directed by the defendant, Henry Crawford, to make liberal provision by way of payment to Mr. T. C. Annabal, to Mr. Gordon, and to Mr. Cummings, who, as he testifies, were acting in connection with the litigation out of which the collection of taxes arose, in the interest of Mr. Crawford. If what Mr. Foster says is true, Mr. Crawford delegated power to Mr. Foster to determine what should constitute a reasonable payment that was to be made to these parties; and there has been no evidence adduced to show that there was any fraud, or want of good faith or of fair dealing, on the part of Mr. Foster, in liquidating the claims of Mr. Annabal at $1,000, of Mr. Gordon at $250, and of Mr. Cummings at $100; and therefore the court cannot say, under the evidence, that Mr. Crawford was entitled to a larger credit as of the 9tli of June, 1888, than $8,552, which he received.
It is further insisted that shortly after the rendition of the judgment a levy was made, upon an execution issued on this judgment, upon a number of engines upon the railroad in which the defendant, Mr. Crawford, was interested; and it is insisted that, inasmuch as there is no return of record showing what disposition was made of that levy, it amounts to a satisfaction of the judgment, and, consequently, that the court is without power to ascertain the balance, if any, due upon the judgment, and to order an execution to issue therefor. It is undoubtedly the settled law that a levy of an execution upon sufficient real or personal property is prima facie presumptive evidence of the satisfaction of the debt; but it is simply prima facie, and, like all prima facie cases, stands good simply until, countervailing evidence is introduced. In this case Mr. Foster has testified— and on that he is uncontradicted—that, shortly after the engines had been levied upon, they were surrendered into the possession of Harry Crawford, and that he took them away to Lafayette, where some of them were repaired or rebuilt, and that they went into use upon the road in which the defendant is interested. I think that it is competent to show, without any return of the officer, by such evidence as was introduced in this case, that the engines were surrendered to the execution defendant, and I think such surrender completely answers the prima facie presumption arising from the levy.
*993 The plaintiff is entitled to a judgment for a revivor of the judgment in the sum of $9,390, and to have an execution issued thereon for that amount; to all of which the defendant, by Henry Crawford, at the time excepted. The defendant prayed an appeal, and the bond is fixed at $10,000; no execution to issue until 30 days from this date. It is agreed by the defendant, as the condition of the staying of issuing execution, that no transfer of property in the state of Indiana shall be made pending the suit.