VAL PLATZ BREWING COMPANY, Respondent, v. INTER-STATE ICE & COLD STORAGE COMPANY, Appellant.

Kansas City Court of Appeals, February 5, 1912.

NEGOTIABLE INSTRUMENTS: Signature in Lead Pencil. Plaintiff sued to recover on a voucher draft issued by defendant in payment of a balance due the contractors who constructed the foundation of its ice plant. The draft required the signature of the contractors to be in ink. They signed it with a lead pencil. Payment by the bank was stopped by defendant. Held, that the paper was not a bill of exchange as defined by statutes, but it was within the power of the defendant to make it such by contract when properly signed and receipted by the payees, and as the paper in controversy was not signed in ink as provided therein, it was not negotiable.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED.

*William Moore* for appellant.

(1) The court erred in refusing the defendant's declaration of law number one. The petition, answer and reply contain absolutely nothing in the nature of a plea of waiver, estoppel or innocent purchaser. In order to be available, this defense must be pleaded. Trust Co. v. Real Estate Co., 82 Mo. App. 260; Holvesworth v. Shannon, 113 Mo. 524. (2) The court erred in refusing to give the defendant's second declaration of law for the reason that if the instrument sued on was assignable the defendant was entitled to set up any equitable defense which it might have. R. S. 1899, sec. 4488; Langsdown v. Markle, 43 Mo. 357; Barber v. Baker, 70 Mo. App. 680. (3) The court erred in refusing the defendant's third declaration of law for the reason that said declaration of law states the law exactly as it is laid down in the laws of Missouri of 1905, page 243, and in R. S. 1909, Sec. 9972. The court further erred in refusing said declaration of law for the reason that by refusing said declaration of law it ignored one of the express and vital conditions of the so-called draft which was, that the receipt attached thereto should be signed in ink. The plaintiff's own testimony showed that it was signed in lead pencil by one of the parties and that the signature had been erased and rewritten and added to and subtracted from several times and that after Beall had gone with the money Rattery changed his signature to make it conform to the wishes of Morris, the saloon keeper. (4) The court erred in refusing the defendant's fourth declaration of law for the reason that by doing so the court indicated by its rul-

ing that even though the plaintiff sued at law he might recover upon equitable grounds without pleading them. (5) The court erred in giving all the declarations of law which it give in behalf of the plaintiff for the reason that said declarations assume that the voucher draft was negotiable and that the defendant Ice Company, the drawee, was bound to accept it if the Brewery bought it in good faith. If this is law, it is a startling departure from what it once was. (6) The court erred in finding the issues for the plaintiff, viewing the plaintiff's position in most favorable light. When it bought this so-called voucher draft it took in effect an assignment of the claim of Rattery and Beall against the defendant Ice Company. That the instrument is absolutely non-negotiable is established by our statutes heretofore quoted and the Federal case of First National Bank of Sioux City v. Cudahy, hereafter cited, and even if we should concede for the sake of argument that the instrument became under certain conditions, a draft upon the Ice Company the plaintiff is not entitled to recover for two reasons: First. The instrument was not signed in ink by persons having authority to do it and secondly the draft was dishonored by the Ice Company. We cannot see how a recovery by the plaintiff, in view of these facts, can be sustained. Bank v. Packing Co., 63 Fed. 805, 69 Fed. 782; R. S. 1909, sec. 9972.

*Wm. E. Smith* and *F. V. Kander* for respondent.

(1) The court did not err in overruling the defendant's objection to the introduction of testimony under the petition. Packing Co. v. Bank, 69 Fed. 782; same case, 75 Fed. Rep. 473. (2) The second and third propositions in points and authorities of appellant have no bearing on the question at issue. (3) The fourth point of appellant in his points and authorities undertakes to mislead the court, as the evidence shows conclusively that Rattery and Beall each for himself

signed the instrument. Abs., 11, 12, 13, 14, 15, 16, 17, 18, 45, 46. (4) The voucher draft in this suit is a draft and is a synonym of "Bill of Exchange" or "check" and was so used when the company saw fit to indorse on a voucher statement to the effect that when "properly receipted" and on back thereof had printed, "Endorsements should appear below," it should become a draft on the company and such voucher is an accepted bill and not a non-negotiable chose in action. Packing Co. v. Bank, 75 Fed. Rep. 473, C. C. A. 428. (5) The seventh point of appellant in his points and authorities that the instrument was not signed in ink is immaterial as the authorities hold that the signature is sufficient if made with lead pencil. Porter v. Valentine, 41 N. Y. Supp. 507; Clason v. Bailey, 14 Johns (N. Y.), 484; Brown v. Bank, 41 Am. Dec. 755; Drefahl v. Bank, 132 Iowa, 563; 36 Cyc. 448, and note. (6) The contention of appellant that it paid money to save itself from possible liens that might be filed against the building by reason of Rattery and Beall failing to pay for labor performed, cannot be set up as a defense for the reason that if appellant made any such payments they were voluntary. In order to recover, even from Rattery and Beall, liens would have to be established and prosecuted to judgment. Morley v. Carlson, 27 Mo. App. 5; Trippensee v. Braun, 104 Mo. App. 628.

BROADDUS, P. J.—The plaintiffs petition is founded upon the following for recovery:

"Interstate Ice & Cold Storage Co.
Voucher Draft.
Stock Yards Station.
Kansas City, Kansas.
If not correct return without alteration and state differences.
To A. H. Rattery & Geo. Beall.
Address, Kansas City.

To cover payment as follows:

Excavating 401 1-2 cuyds c 20c .....$   80.30
Concrete 193              2.25 .....   434.25
Stone 798 1-2 Perch       80c .....   638.80

                                     $1153.35
75 per cent of above ...............   865.01
Advanced ......... ..............   966.36

                                     $ 298.65

        3- -6 ..-.....$150.00
        3- 13 ..... 375.00
                      33.36
                       8.00
Advanced Mar. 19-09 ................   100

                                     $ 398.65

The above covers work to and including Fri. 3-19-09.

Checked            Entered       Date issued 3-20-09
L. L. T.           L. L.                     No. 621

Received from Interstate Ice & Cold Storage Co., $398.65, Three hundred ninety-eight and 65-100 dollars in full payment of above account.

Date Mar. 20-09.

Sign here A. H. Rattery & Geo. Beall. When properly receipted this voucher becomes a draft on us payable through Traders National Bank, Kansas City, Mo. Interstate Ice & Cold Storage Co. Per Thos. P. Ruddy.

Across the face of the instrument the Traders National wrote 'Payment Stopped.' On the back thereof appears the following:

Voucher Draft.
Interstate Ice & Cold Storage Co.
Kansas City, Kansas.

No. 621                                   $398.65

Payable to
A. H. Rattery and Geo. Beall.
Kansas City.
Charge.
Endorsements should appear below.
A. H. RATTERY and GEO. BEALL.
(Endorsed on margin.)

Notice—Receipt only by those having authority to sign, and in ink. Paying Bank will not accept unless conditions are complied with. No alterations allowed.''

The evidence showed that in February, 1909, the defendant company entered into a contract with A. H. Rattery and George Beall, by which the latter were to furnish the labor necessary to construct the stone foundation of an ice plant the defendant was erecting in Kansas City, Missouri. Under the terms of the contract Rattery and Beall were to receive seventy-five per cent of the money due them on the contract on Saturday of each week. It appears, however, by some oversight they had overdrawn in excess of said per cent. On the 19th of March, 1909, the books of the company showed that they were entitled to $398 and the company issued to them what is called a voucher draft in commercial circles. This voucher draft was given by the company to Beall. Beall took it to the saloon of William Morris and with a lead pencil signed the receipt ''Rattery & Bell,'' and Morris, who was the depository of the plaintiff, gave him $398, the amount stated in the instrument. Morris afterwards discovered that Beall had signed as ''Bell'' whereupon he procured Beall and Rattery to sign the instrument in the proper names ''A. H. Rattery & George Beall.'' The defendant company having learned that Rattery and Beall intended to leave without paying their laborers, telephoned the Traders National Bank and directed it not to pay the paper, and

payment was stopped. When the paper was presented to the bank by the plaintiff company, it was discovered that the receipt was signed in lead pencil and had been erased and re-written.

The finding and judgment were for the plaintiff and defendant appealed. The paper in suit is not a bill of exchange as defined by the statute. But it was within the power of the defendant to make it such by contract when properly accepted and receipted by the payees. The refusal of the appellant to pay because the payees were preparing to leave the country without paying their laborers would be no defense after the same had been negotiated and in the hands of a third party. But in order to make the paper negotiable all the conditions providing for its acceptance and negotiability must have been first complied with, namely, receipted in ink by the proper persons or by their authority.

It is the contention of respondent that the signature in pencil was sufficient. In a suit on an insurance policy where the names of the attorneys who issued the policy were written in pencil it was held to be sufficient. [Porter v. Valentine, 41 N. Y. Supp. 507.] The fact that a lead pencil is used in making a signature to a contract will not affect its validity. [Drefaht v. Rabe, 132 Iowa, 563; 36 Cyc. 448.] The authorities state the general rule. But they do not apply to the paper in suit.

The respondent seeks to recover upon the ground that the paper is a negotiable instrument, but it is not such. It did not become so until the directions it contained to make it such were complied with. It required that the signatures should be made with ink. It was a requirement which the appellant had evidently provided for its own convenience and against possible fraud. And to say the least, it is much easier to imitate a signature made with a pencil than it is if made with ink. After all it is not a matter of

much importance whether or not appellant had any sufficient reason for such a requirement, it had the right to provide for it.   The judgment is reversed. All concur.