## McDONALD, Adm'r, v. STRAWN.

No. 9569—Opinion Filed June 1, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Review—Actions at Law—Questions of Fact.**

In actions at law only alleged errors of law, and not matters of fact, are reviewable by this court on appeal. (See par. 1, Op.)

**2. Same—Procedure to Preserve Grounds of Review.**

Whether or not there is sufficient evidence to go to the jury in a law case is a question of law, and that question must be presented (1) to the trial court by a demurrer to the evidence or motion to direct a verdict, a ruling made, and exception saved; (2) the alleged error in sustaining or overruling the demurrer to the evidence or motion to direct a verdict must be preserved by a motion for a new trial, ruling thereon by the trial court, and exception saved; then this court on appeal will review the alleged error of law committed by the trial court in sustaining or overruling such demurrer or motion to direct a verdict, otherwise the sufficiency of the evidence to support the verdict cannot be inquired into by this court. (See par. 1, Op.)

**3. Same—Review of Equity Cases—Sufficiency of Evidence.**

Neither a demurrer to the evidence, nor a motion to direct a verdict (if tried to a jury), nor motion for a declaration of law, nor finding of fact, nor conclusion of law, is a necessary prerequisite to a review of the evidence in an equity case by this court on appeal, it being well settled that in equity cases this court will review the evidence as a question of fact, apply the law and the principles of equity thereto, and pronounce such judgment as the pleadings, the facts, and the principles of equity demand, and if the judgment of the trial court is clearly against the weight of the evidence, its judgment will be reversed or modified accordingly. (See par. 1, Op.)

**4. Trial—Waiver of Exceptions—Failure to Demur to Evidence or Move for Directed Verdict.**

The failure to demur to the evidence in a law case or move to direct a verdict does not operate to waive exceptions to the instructions to the jury, or to the refusal to give certain instructions to the jury, or to the rejection or admission of evidence, or any other erroneous ruling, during the progress of the trial. (See par 2, Op.)

**5. Principal and Agent—Authority of Agent—Duty to Ascertain.**

It is incumbent upon a person dealing with an alleged agent to discover, at his peril, whether the assumed agency be general or special, that such pretended agent had authority, and that such authority is in its nature and extent sufficient to permit him to do the proposed act. (See par. 3, Op.)

**6. Same—Actions—Burden of Proof.**

The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleged it. (See par. 3, Op.)

**7. Same—Evidence—Admissions and Acts of Agent.**

The fact of agency being in issue, evidence of the alleged agent's own declarations, statements, or admissions, as distinguished from his sworn testimony as a witness, is not admissible against an alleged principal for the purpose of establishing, enlarging, or renewing his authority, nor can his authority be establshed by showing that he acted as agent, or that he claimed to have the powers which he assumed to exercise. (See par. 5. Op.)

**8. Same—Evidence of Reputed Agency.**

The authority of a private agent to represent his principal is a fact, if in issue, that cannot be established by proof that he was generally reputed to be the agent. (See par. 5, Op.)

**9. Same—Scope of Agency—Sales.**

General repute that one is agent for a farmer "in handling his cattle, stock. and other stuff during the latter part of his life" is no evidence that such alleged agent had authority to sell the farmer's cattle, stock, and other stuff. (See par. 5, Op.)

**10. Trial—Sufficiency of Objections to Evidence.**

Except as modified by section 5070. Rev. Laws 1910, making an objection to evidence on the ground that it is incompetent, irrelevant, and immaterial sufficient in the absence of a request from the trial judge or opposing counsel for more specific reasons, the general rule is that an objection that evidence "is immaterial," or is "incompetent, irrelevant, and immaterial," or is "incompetent," is considered no objection. (See par. 4, Op.)

**11. Same—Grounds for Rule.**

The rule that objections should always state the grounds thereof, and should present to the trial court the precise point relied upon by the party objecting, is based on two grounds: (1) To show the trial judge the exact point on which the ruling is asked, in order that he may act advisedly and not be misled: (2) that counsel for the opposing party may have an opportunity to obviate the objection if well taken: and that it is not the duty of the trial judge and opposing counsel to explore the whole domain of the law of evidence in an effort to discover why the evidence objected to is not admissible. (See par. 5 Op.)

**12. Same.**

The proper test for determining whether or not a thing is within a rule is to ascertain whether it is within the reason of the rule, and if not within the reason of the rule, it is not within the rule; thus, if the inadmissibility of the evidence offered is clearly apparent on its face, no casting around by the court or opposing counsel for a ground of exclusion is necessary. (See par. 5. Op.)

**13. Appeal and Error—Review—Admissibility of Evidence—Sufficiency of Objection.**

If it is apparent that the general objection, to wit: "Objected to," could not have been obviated, and that the evidence is clearly inadmissible for any purpose. this court, more as a favor than as the recognition of a right, may notice it, and will do so when it clearly appears the evidence admitted was highly prejudicial. (See par. 5. Op.)

**14. Same—Reversal.**

Record examined, and case reversed for error in overruling such general objection to the introduction of evidence.

Error from County Court, McCurtain County; J. D. Parks, Judge.

This is a replevin action commenced in the county court of McCurtain county, on March 11, 1915, by plaintiff in error, H. C. McDonald, as administrator of the estate of Paul Stephens, deceased, to recover certain cattle from defendant in error, Roscoe Strawn. The plaintiff alleged that the cattle involved belonged to Paul Stephens, deceased, during his lifetime, and sought their recovery as a part of the assets of the estate. Defendant contended that he purchased the cattle from John Noah, nephew of Paul Stephens, as the agent of the deceased. The case was tried to a jury on April 18, 1917, and a verdict returned for defendant. The plaintiff in due time filed a motion for a new trial, which was overruled on May 7, 1917, and exception thereto saved. Notice of appeal was given and the case is here on petition in error. Reversed.

Armstrong & Jones, for plaintiff in error.

J. M. Barrett and George T. Arnett, for defendant in error.

RAMSEY, J. (after stating the case). 1. The plaintiff in error contends that there was not sufficient evidence to sustain the verdict of the jury. This assignment of error is overruled because plaintiff failed to move the trial court to direct the jury to return a verdict in his favor. There is no direct appeal to this court from the verdict of a jury in an action at law. In actions at law this court on appeal considers only alleged errors of law, and not questions of fact.

Thus, 2 Standard Proc. 434, says: _____

"An appellate court, in connection with appeals for the review of errors, is not a trier of facts."

And on page 409 the same authority says:

"The distinction between hearings de novo, and statutory appeals in the nature of proceedings in error at common law, has, also, an important bearing upon the subject of review. In the technical appeal, as in equity, the whole case is brought up, and all inference of fact, as well as conclusions of law, are before the appellate court, but a writ of error brings up only errors of law."

Speaking for the Eighth Circuit Court of Appeals in U. S. Fidelity & Guaranty Co. v. Board of Commissioners, 145 Fed. 151. Circuit Judge Sanborn said:

"The question whether or not at the close of a trial there is substantial evidence to sustain a finding in favor of a party to the action is a question of law which arises in the progress of the trial. In a trial to a jury it is reviewable on an excepton to a ruling upon a request for a peremptory instruction. In a trial by the court without a jury it is reviewable upon a motion for a

judgment, a request for a declaration of law, or any other action in the trial court which fairly presents this issue of law to that court for determination before the trial ends."

In the absence of statutory modification, the rule is well settled that the question whether or not there is sufficient evidence to go to the jury is a question of law and must be presented first to the trial court, by demurrer to the evidence, or by motion to direct a verdict, or motion for nonsuit (the method varies in different jurisdictions), ruling thereon had and exception saved, otherwise that question cannot be reviewed by writ of error, appeal, petition in error, or whatever name the particular method of appellate review bears in different jurisdictions: Reavely v. Harris, 239 Ill. 526, 88 N. E. 238; State v. Young, 83 N. E. 898 (Ohio); Wakely v. Johnson, 73 N. W. 238 (Mich.); Val Blatz Brewing Co. v. Inter-State Ice and Cold Storage Co., 143 S. W. 542 (Mo.); Home Fire Ins. Co. v. Phelps, 71 N. W. 303 (Neb.); Seeman v. Levine, 205 N. Y. 514, 99 N. E. 158; Holder v. Giant Lumber Co. 76 S. E. 485 (N. C.); Landis Mach. Co. v. Konantz Saddlery Co., 116 N. W. 333 (N. D.); Fossett v. Boswell, 117 Pac. 302 (Or.); Molle v. Kewaskum Mut. F. Ins. Co., 114 N. W. 798 (Wis.); Keeley v. Ophir Hill Consol. Mining Co., 168 Fed. 589; Penn Casualty Co. v. Whiteway, 210 Fed. 782; U. S. v. Diamond Match Co., 115 Fed. 288; Crawford v. Foster, 80 Fed. 991. This court has adopted this rule. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Schumucker v. Clifton 62 Okla. 249, 162 Pac. 1094; Holland Banking Co. v. Dicks, 67 Oklahoma, 170 Pac. 253; Oaks v. Samples. 57 Okla. 660, 157 Pac. 739; Norman v. Lambert, 64 Oklahoma, 167 Pac. 213.

The rule in Oklahoma is this: Whether or not there is sufficient evidence to go to the jury in a law case is a question of law, and that question must be presented (1) to the trial court by a demurrer to the evidence or motion to direct a verdict, a ruling obtained, and exception saved; (2) the alleged error in sustaining or overruling the demurrer to the evidence or motion to direct a verdict must be preserved by motion for a new trial, ruling thereon by the trial court, and exception saved; then this court on appeal will review the alleged error of law committed by the trial court in sustaining or overruling the demurrer or motion to direct a verdict, otherwise whether there is sufficient evidence is a question not reviewable in this court. See Shawnee Mut. Fire Ins. Co. v. School Dist., 44 Okla. 3, 143 Pac. 194, and Hughes v. Meler, 43 Okla. 166, 141 Pac. 770.

If there can possibly be any doubt about this rule having no application to appeals in equity cases, we will put that question to rest, as we deem it wise and expedient to leave as little uncertainty as possible about the proper procedure in the trial of cases, either at law or equity.

As above held, an appeal in an action at law can present to this court only questions of law, whereas in equity cases this court reviews the evidence as a question of fact, applies the law and principles of equity thereto, and pronounces such judgment as the pleadings, the facts, and the principles of equity demand. Suits in equity are tried de novo on appeal in this court upon the entire record and the evidence, and if the judgment of the trial court is clearly against the weight of the evidence, its judgment will be reversed or modified accordingly. This court in a well-considered opinion by Mr. Justice Riddle in Schock v. Fish, 45 Okla. 12, 144 Pac. 585, distinguished between the functions of this court in an equity case and in an action at law, and stated the reasons for this difference at length. Schock v. Fish has been followed and approved by an unbroken line of decisions. See Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598; Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238; Jolly v. Fields, 65 Oklahoma, 166 Pac. 117; Hawkins v. Boynton Land, Mining & Inv. Co., 59 Okla. 30, 157 Pac. 753; Clayton v. Oberlander, 59 Okla. 35, 157 Pac. 929; Coley v. Dore, 56 Okla. 443, 156 Pac. 164: Mitchell v. Leonard, 55 Okla. 626, 155 Pac. 696; Jones v. Thompson, 55 Okla. 24, 154 Pac. 1139; Rees v. Egan, 66 Oklahoma, 166 Pac. 1038; City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac 282; Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703.

This court in an action at law will not review the alleged errors of the trial court in instructing or refusing to instruct the jury, unless requests were made and objections and exceptions saved as provided by the statutes, but in equity cases the verdict of the jury is merely advisory. The court may disregard the findings of the jury, and where the court makes its own finding, no error can be predicated upon the instructions to the jury. Watson v. Borah, 37 Okla. 357, 132 Pac. 347; City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282; Apache State Bank v. Daniels, 32 Okla. 121, 121 Pac. 237. There is no reason for a demurrer to the evidence in an equity case tried before the court or before a jury, or for a motion to direct a verdict, or for a declaration of law by the chancellor as a prerequisite to the review by this court of the whole case, including evidence. 2 Standard Proc., pp.

409, 435, 446, 237; 3 Cyc. 260; Tucker v. Roberts, 40 Colo. 498, 92 Pac. 220; 3 C. J. 839. But a timely motion for a new trial is necessary in equity in order that the trial court may have an opportunity to correct its errors on the law and the facts.

2. Plaintiff contends in his petition in error that the trial court erred in the admission of evidence introduced by defendant to prove the agency of John Noah over the objection and exception of the plaintiff. The assignment of error is too general to comply strictly with the rules of this court, but we are not going to be very captious about formalities in this case, because an examination of the record tends strongly to show a miscarriage of justice. The defendant contends that John Noah was the agent of the intestate owner of the cattle with authority to sell the same, and that he, defendant, purchased the cattle from Noah as such agent. There being no motion by the plaintiff to direct a verdict in his favor, we cannot reverse this case for want of evidence to sustain the verdict in defendant's favor, but errors in instructing the jury and admitting or rejecting evidence are reviewable by this court, although no demurrer was filed to the evidence or motion made to direct a verdict. This court has authority to review any error of law committed during the **progress of the trial,** where there was objection and exception. Actions at law for the recovery of money or specific real or personal property shall be tried by a jury unless a jury is waived, and, as above pointed out, whether there is sufficient evidence to go to the jury is a question of law which must be raised in the trial court by demurrer or motion to direct a verdict. But the failure to demur to the evidence or move for a directed verdict does not operate to waive exceptions to any other erroneous ruling during the progress of the trial. In Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094, this court considered the assignment of error that the instructions to the jury were erroneous, although there was neither a demurrer to the evidence nor motion for a directed verdict. The failure to demur to the evidence or move for a directed verdict is nothing more nor less than an admission that there is enough evidence to go to the jury. That admission, however, means the evidence the trial court has permitted to be introduced, and if the trial court erroneously admitted evidence over the objection and exception of a party, it is obviously unnecessary for such party to move for an instructed verdict or demur to the evidence in order to prevent a waiver of his exception to a ruling on the admission or rejection of certain evidence. Even in the federal courts the failure to move for a directed verdict

does not waive exceptions to the ruling of the court on the admissibility of evidence. Eli Mining & Land Co. v. Carleton, 108 Fed. 24; U. S. Fidelity & Guaranty Co. v. Board of Commissioners, 145 Fed. 144; Seeman v. Levine, 205 N. Y. 514, 99 N. E. 158.

3. The law itself makes no presumption of agency, and as defendant bases his title to the cattle on a purchase from John Noah, alleged agent of the owner, the burden of proving Noah's agency including not only the fact of its existence, but its nature and extent, rests upon the defendant. There is no evidence that the plaintiff, or his intestate, conceded the agency and then contended that it had been terminated or that it was a limited or restricted agency. It is incumbent upon a person dealing with an alleged agent to discover, at his peril, whether the assumed agency be general or special, that such pretended agent had authority, and that such authority is in its nature and extent sufficient to permit him to do the proposed act. Wheeler v. McGuire, 86 Ala. 398, 2 L. R. A. 808; United States v. Boyd, 5 How. 50, 12 L. Ed. 36; Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763; Mechen on Agency (2nd Ed.) vol. 1, secs. 255 and 298; The Texas Co. v. Quelquejeq, 263 Fed. 491; Mechem on Agency (2nd Ed.) vol. 1, sec. 742; Sloan v. Brown, 228 Pa. 495, 139 Am. St. Rep. 1019; Cornish v. Woolverton, 32 Mont. 456, 108 Am. St. Rep. 598; Swindell v. Latham, 145 N. C. 144, 122 Am. St Rep 430; Blum v. Whipple, 194 Mass. 257, 120 Am. St. Rep. 553.

4. Practically the only evidence in the record tending to show agency was the testimony of defendant, narrated on pages 19 and 20 of his counsel's brief, as follows: "That he knew who looked after Paul Stephens' cattle; that John Noah looked after the cattle," and "That it was generally known (and must have been known to witness) that John Noah was the agent of Paul Stephens during the latter part of Paul Stephens' life." Defendant was asked by his counsel this question: "State whether or not, Mr. Strawn, it was generally known that John was the agent of Paul Stephens in handling his cattle, stock and other stuff, during the latter part of his life?" The record here shows that this question was "objected to by the plaintiff, objection overruled, to which plaintiff then and there, by his attorney, duly excepted." It is contended that the objection is general and therefore a nullity, because it was not sufficient to advise the trial court wherein the question was improper. Except where modified by statute, it is a well-settled rule that objections should always state the grounds thereof, and should present to the court the precise point relied upon by the party objecting. This rule is based on two grounds: (1) to show the trial judge the exact point on which the ruling is asked, in order that he may act advisedly and not be misled; and (2) that counsel for the opposing party may have an opportunity to obviate the objection if it is well taken. 8 Ency. Pl. & Pr. 218-226. An objection that a question is immaterial is tantamount to no objection at all (Eli Mining & Land Co. v. Carleton, 108 Fed. 24); an objection that the evidence is "incompetent, irrelevant, and immaterial" is equivalent to no objection (Burlington Insurance Co. v. Miller, 60 Fed. 254). See also, R. R. Co. v. Hall, 66 Fed. 868, 870; Equipment Co. v. Blair, 79 Fed. 896; U. S. v. Shapleigh, 54 Fed. 126; Ward v. Mfg. Co., 56 Fed. 437; Insurance Co. v. Frederick, 58 Fed. 144; R. R. Co. v. Henson, 58 Fed. 531; Minchen v. Hart, 72 Fed. 294; 8 Ency. Pl. & Pr. 227-228; Ohio, etc., R. Co. v. Walker, 113 Ind. 196, 3 Am. St. Rep. 638.

Section 5070, Rev. Laws 1910, makes an objection to evidence on the ground that it is incompetent, irrelevant, and immaterial cover all matters ordinarily embraced within such objections, and makes it unnecessary "to specify further the grounds of such objections or to state the specific reasons whereby the question is so objectionable," unless the court or opposing counsel inquire of the objector wherein the question is so objectionable, and thereupon the objector shall state specifically his reasons or grounds for such objection., It may be difficult to see why, if, under the general rule, an objection to a question on the ground that it is incompetent, irrelevant and immaterial is tantamount to silence, a simple statement that "I object" is any less available, things equal to the same thing being equal to each other; but section 5070, Rev. Laws 1910, puts a good deal of noise into the former, leaving the latter still insufficient. This court in Fender v. Segro, 41 Okla. 318, 137 Pac. 103 and in Bishop-Babcock-Becker v. Estes Drug Co., 63 Oklahoma, 163 Pac. 276 holds that "objected to" or "I object" is not sufficient under section 5070, and that it is the general rule. See, also, Midland Valley R Co. v. Ezell, 36 Okla. 517, 129 Pac. 734.

5. But there is this exception to the general rule: If the objection cannot be obviated or if the evidence is clearly inadmissible for any purpose, a general objection is sufficient. We have shown that the reason for the general rule is this: The ground of the objection should be specific enough to advise the trial court the exact point on which the ruling is asked and also advise opposing counsel. It is neither the duty of the trial judge nor of opposing counsel to explore the whole domain of the law of evidence in an

effort to find out just why the evidence objected to is not admissible. The proper test for determining whether or not a thing is within a rule is to ascertain whether it is within the reason of the rule, and if not within the reason of the rule, it is not within the rule. Thus, if the inadmissibility of the evidence is apparent on its face, no casting around by the court or counsel for a ground of exclusion is necessary.

Thus, in Espalla v. Richard, 94 Ala. 159, 10 So. 137, the judgment of the trial court was reversed because it permitted a witness to testify before the jury to a conversation between defendant's son and the plaintiff, defendant not being present. The Supreme Court held that the evidence was hearsay and not admissible on any theory, could not be regarded as part of the res gestae, and was wholly inadmissible. The objection to the testimony was general and without specifying any particular grounds. The court said:

"It is suggested for the appellees that there was a failure to specify any particular ground of objection to the admissibility of this evidence. The illegality of the evidence was apparent upon its face. To ascertain this it was not necessary for the court to look to any fact that was not stated by the witness in detailing the conversation. No casting around to discover a ground of exclusion was required. It was obvious, without reference to any extrinsic fact, that Mr. Richard's statement to the salesman in his store was mere hearsay, so far as Mrs. Ryan was concerned. In such case the court should sustain the objection, without demanding a specification of what is already patent."

In Lowenstein v. McCadden, 92 Tenn. 614, 22 S. W. 426, the judgment was reversed because the trial court permitted a witness to testify over a general objection to what occurred at a former application for a receiver between the parties. The court said:

"Upon principle, it is the duty of a party objecting to evidence to communicate at the time to the court and the opposite party the grounds of his objection, for the obvious reason that they should have an opportunity of acting advisedly, and not be entrapped into error. Garner v. State, 5 Lea, 218. It is plainly the duty of counsel to take the judgment of the court on the specific ground there made, so that this court can review it. The contrary practice gives the party an opportunity to state one ground in the court below, which may be properly overruled, and to rely upon an entirely different ground here. Iron Co. v. Dobson, 15 Lea, 409. But when evidence is not competent for any purpose, or is wholly irrelevant, a general objection for incompetency and irrelevancy would be sufficient. **In such a case a simple objection would be sufficient.** Such forms of general exception are, however, exceedingly perilous, for if it appears that the testimony is competent or relevant for any purpose, the exception will be unavailable. The evidence excepted to in this case was not competent for any purpose, and introduced collateral matters which were res inter alios acta, and highly prejudicial to plaintiff in error." (Emphasis ours.)

In State v. Soule, 14 Nev. 453, a judgment of conviction was reversed on a general objection to the introduction of a written statement of a codefendant not made in the presence of the defendant. The court said:

"It is undoubtedly true, in criminal as well as in civil cases, that, as a general rule, the point of objection should, and must be, specifically stated, to the end that the attention of the court may be directed hereto; and that the opposite party may have an opportunity to obviate the objection if it be in his power to do so. (Sharon v. Minnock, 6 Nev. 382.) But it is also true that, if the statement of Gorman was not competent evidence against appellant for any purpose, and was prejudicial to his case, it was error to admit it against his general objection, on the ground of incompetency alone. An objection to evidence on the ground of incompetency and illegality, without a specification of the point of incompetency or illegality, does not avail the objecting party, in case the objection is overruled, if the evidence is admissible for any purpose; but if it is wholly incompetent and inadmissible for any purpose, a general objection on the ground of incompetency is sufficient, and the error will be considered and corrected on appeal."

This rule has been announced in the following cases: Sneed v. Osborn, 25 Cal. 627; Voorman v. Voight, 46 Cal. 397; Ward v. Wilms, 16 Colo. 86, 27 Pac. 247; Alcorn v. Chicago & A. R. Co., 108 Mo. 81, 18 S. W. 188; Connor v. Black, 119 Mo. 126, 24 S. W. 184; Kent v. State, 42 Ohio St. Rep. 426; Hodges v. Hodges, 106 N. C. 374, 11 S. E. 364; Turner v. City of Newburgh, 109 N. Y. 301, 4 Am. St. Rep. 453; Clauser v. Stone, 29 Ill. 114, 81 Am. Dec. 299; Am. Car Co. v. Brinkman, 146 Fed. 712; Pittsburg & W. R. Co. v. Thompson, 82 Fed. 720; Miller v. State, 12 Lea, 223 (Tenn.)

It is Hornbook law that the authority of a private agent to represent his principal is a fact, if in issue, that cannot be established by proof that he was generally reputed to be the agent. Mechem on Agency (2nd Ed.) vol. 1, sec. 290; 16 Cyc. 1211; 31 Cyc. 1656 and 1665.

The question objected to was whether or not "it was generally known that John (Noah) was the agent of Paul Stephens in handling his cattle stock, and other stuff during the latter part of his life." There is no evidence in the record that Paul Stephens

held John Noah out as his agent with authority to sell his cattle or stock, and John Noah could not confer authority upon himself or make himself Stephens' agent by merely saying he was. Evidence of his own declarations, statements. or admissions, as distinguished from his sworn testimony as a witness, is not admissible against an alleged principal for the purpose of establishing, enlarging, or renewing his authority, "nor can his authority be established by showing that he acted as agent, or that he claimed to have the powers which he assumed to exercise."

Mechem on Agency (2nd Ed.) vol. 1, sec. 285; R. P. Smith & Sons v. Raines Dry Goods Co., 37 Okla. 39, 130 Pac. 133; Okla. Automobile Co. v. Bonner, 70 Oklahoma, 174 Pac. 567. The defendant was asked this question: "Q. Do you know who looked after Paul Stephens' cattle? A. Yes sir. Q. Who looked after them?" Here plaintiff's counsel objected to the question "as being leading." The court overruled the objection and the plaintiff excepted. The evidence sought by the questions propounded to the defendant as to whether or not it was generally known that John Noah was the agent of Paul Stephens in handling his cattle, stock, and other stuff, and who looked after Paul Stephens' cattle, was inadmissible for any purpose, and was highly prejudicial, because the answers to these questions constituted about the only evidence that could even excite a suspicion that John Noah had any authority as agent **to sell** Paul Stephens' cattle. Simply authority to "look after cattle" cannot by the longest stretch of imagination amount to or imply authority **to sell**; nor is general repute that one is agent for a farmer "in handling his cattle, stock, and other stuff during the latter part of his life," any evidence of authority to sell. Camden Fire Ins. Assn. v. Jones, 53 N. J. Law. 189; Moore v. Skyles, 33 Mont. 135. 114 Am. St. Rep. 801. If defendant had any real evidence to show agency, he should have been ready to introduce it on the trial of this case.

It is not intended to overrule or modify the rule announced by this court in Fender v Segro, 41 Okla. 318. 37 Pac. 103; Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Oklahoma, 163 Pac. 276, and Midland Valley R. Co. v. Ezell, 36 Okla. 517, 129 Pac. 734. We simply supplement the rule announced in those cases with this exception: If it is apparent that the general objection could not be obviated, or if the evidence is clearly inadmissible for any purpose, this court, more as a favor than as the recognition of a right (Miller v. State, 16 Lea, [Tenn] 224), may notice it, and will no doubt do so when it clearly appears the evidence was highly prejudicial.

The judgment of the trial court is reversed, and the case remanded to the county court of McCurtain county, with directions to grant plaintiff a new trial.

RAINEY, C. J., and HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.