The **BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY,** Oklahoma, Petitioner,

v.

Curtis S. **WEBSTER, and The Workers' Compensation Court, Respondents.**

No. 73048.

Court of Appeals of Oklahoma, Division No. 3.

April 3, 1990.

Gordon W. Williams, Asst. Dist. Atty., Tulsa, for petitioner.

Richard A. Bell, Norman, for respondents.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Respondent, Petitioner herein, seeks review of an order of the Workers' Compensation trial court awarding Claimant compensation for hearing loss arising out of and in the course of his employment with Respondent Tulsa County. The trial court found Claimant sustained 10 percent binaural hearing loss and 2 percent hearing loss due to tinnitus. Respondent's only argument herein is that Claimant's medical report was incompetent as not in compliance with the AMA Guidelines. Thus, it alleges, the trial court erred in admitting the report and in relying on it in its determination of injury. We disagree.

Respondent is correct in stating the Guides provide that a physician's evaluation of hearing loss should be based on hearing tests at four levels of decibels, 500hz, 1000hz, 2000hz, and 3000hz. The sum of the decibel hearing impairment for each ear for these levels is added together and the binaural hearing impairment is then determined by reference to a table.

Based on his tests, it was Claimant's physician's opinion that Claimant had a 26% binaural hearing impairment with an additional 5% impairment due to tinnitus, giving him a total of 31% impairment. The physician attached the results of Claimant's hearing tests to his report. Respondent urges us to hold the report incompetent because it shows that the physician, in addition to the above four tests required by the Guides, tested Claimant at the 4000hz level and based his opinion on that data.

We do not read *Perlinger v. J.C. Rogers Construction Co.*, 753 P.2d 905 (Okla.1988) and its progeny as requiring us to hold incompetent a report based on tests given which are in excess of those required by the Guides. The test for determining whether the standards set out in the Guide are followed is whether, from the medical report's four corners, an unexplained facially apparent and substantial deviation can be detected from mere reference to their text. *Whitener v. South Central Solid Waste Authority*, 773 P.2d 1248 (Okla.1989). We do not find that situation here.

As in *Orrell v. B.F. Goodrich*, 787 P.2d 848 (Okla.1990), the real issue raised by Respondent's challenge addresses itself to the probative value of the physician's report. A probative value objection "challenges the expert opinion for insufficiency as legal proof of medical findings with respect to the presence or absence of compensable disability or of the compensable impairment's rating." *Whitener v. South Central Solid Waste Authority*, supra. at 1249 n. 1.

The weight and probative value accorded medical evidence presents an issue of fact for a determination by the trial court, which may accept or reject such evidence in whole or in part. 85 O.S.Supp.1988 § 26; *Burns v. Yuba Heat Transfer Corp.*, 615 P.2d 1029 (Okla.App.1980). The trial court was aware that Claimant's physician used the extra test in evaluating the degree of Claimant's hearing loss. The court obvi-

ously took this into consideration as it awarded only 10% for binaural hearing loss, well below that set by Claimant's physician. A cursory arithmetical examination of the results of Claimant's hearing tests, even excluding the 4000hz test, show a binaural loss of more than 10%.

The trial court has the expertise and experience to decide what weight should be given to a report if either party claims it is not medically sound. There is competent evidence to support the award given by the trial court.

SUSTAINED.

BAILEY and ADAMS, JJ., concur.