**YUBA HEAT TRANSFER and American Manufacturers Mutual Insurance Company, Petitioners,**

v.

**William W. WILSON and State Industrial Court, Respondents.**

No. 49733.

Supreme Court of Oklahoma.

June 7, 1977.

Gerard K. Donovan, Donovan, Freese & March, Tulsa, for petitioners.

Don L. Dees, Tulsa, Larry Derryberry, Atty. Gen. of the State of Oklahoma, for respondents.

WILLIAMS, Justice.

On January 29, 1975 while in the performance of the duties of his employment the claimant was struck in the back by a steel blind. The accident was then reported to his employer. After medical treatment by Dr. K the claimant went back to work.

On April 2, 1975 the claimant aggravated his first injury, and further aggravated this injury on July 25, 1975. Thereafter the claimant initiated this claim by personally filing his form 3 (claim) with the State Industrial Court. The only issue presented to that court was as to the extent or lack of permanent partial disability. Parties hereto are designated as in trial tribunal.

In January, 1976, the claimant's attorney filed a motion to set the case for the determination of permanent partial disability, and attached a copy of the report of Dr. A dated October 27, 1975. Respondents objected to the report and requested cross-examination which was afforded.

Respondents timely mailed to claimant's counsel copies of medical report of Dr. T and copies of the continuing progress reports of Dr. S. No mention of a Dr. N was made. Claimant waived cross-examination of Drs. S and T. A copy of the letter transmitting medical reports to claimant's attorney was filed with the Industrial Court but copies of the medical reports were not.

The matter came on for hearing in February. At the conclusion of claimant's testimony, Dr. A's deposition was admitted into evidence.

Respondent then offered the medical reports of Dr. S, Dr. T and Dr. N. The trial judge took under advisement the matter of admission of these medical reports because of respondents' failure to file copies thereof with the court 5 days prior to trial.[1]

Respondents asserted that the reports were sent to claimant and that claimant made no objection. Claimant, however, did object to Dr. N's report as the claimant had not received a copy, and further objected to the reports of Drs. S and T "as they make no finding one way or the other on permanent partial disability."

The respondents also inferred they would like for the court to appoint a neutral doctor. The court apparently then took under advisement the matter of appointment of a neutral doctor as he previously had done with request to admit respondent's medical reports. The trial judge in order made finding of fact No. 4 that "Respondent or insurance carrier did not conform to Rule 12 of the State Industrial Court." It is implicit in the order that such requests were denied.

---

1. Provision for a State Industrial Court with appropriate judicial power is made by Oklahoma Constitution Art. VII § 1 and thereby the Legislature is authorized to change or abolish it. Rather than do away with it, the Legislature has seen fit to provide in 85 O.S.1971, § 77 that that Court, formerly Commission, may adopt rules necessary for the orderly transaction of its business not inconsistent with the Workmen's Compensation Act, providing for
"First. . . .
Second. The nature and the extent of the proofs and evidence, and the methods of taking and furnishing the same, to establish the right to compensation.
Third. The forms of application of those claiming to be entitled to compensation.
Fourth. The method of making investigations, physical examinations, and inspections.
Fifth. . . .
Sixth. The conduct of hearing investigations and inquiries.
Seventh. . . .
Eighth. . . .
Ninth. . . . upon the completion of such hearing or hearings, the [Judge] hearing such cause shall make such order, decision or award as he may deem just, advisable and equitable in the matter. . . . Upon the

filing of such appeal, the entire [Court], or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem, proper just and equitable. . . ."

Pursuant to grant of such authority to make rules, the State Industrial Court did effective Jan. 1, 1976 adopt and promulgate its Rules found in 85 O.S.Supp.1976, Ch. 4, App., including rule 12, of which subsections 3 & 4 provide as follows, to-wit:
"Upon receipt of claimant's Motion to Set and the copy of the attached medical report, if the respondent has not had the claimant examined by a physician or desires further medical examination, the respondent must immediately do so or the medical examination is waived . . . Respondent shall file his medical report with the Court five (5) days prior to trial, with certification that a copy has been mailed to the claimant.
Should the respondent fail to file respondent's medical report five (5) days prior to trial, the Court may adjudicate the case on the exclusive basis of claimant's medical evidence . . . ."

The order of the trial judge found that as a result of the injury received by claimant, as aggravated on April 2, 1975 and July 25, 1975, claimant had sustained 30% permanent partial disability. On appeal, the order was by the court en banc adopted and affirmed.

In petition for review and briefs filed here, respondents say (1) it was error for the trial judge to refuse to admit any of their medical evidence; (2) that the interpretation of the rules made by the trial judge denies equal protection under the Constitution of the United States and the Constitution of Oklahoma, in that a claimant cannot be forced by the trial judge to go to trial without medical evidence but that a respondent can, and (3) that the award for permanent disability is not supported by competent medical testimony and is excessive.

Claimant's testimony by Dr. A was that claimant had sustained 30% permanent partial disability to the body as a whole. No evidence of the respondents was admitted. The question then is as to whether the trial court abused its discretion under its Rule 12.

As we have seen, Rule 12 requires that the respondent(s) "shall file his medical report with the Court five (5) days prior to trial, with certification that a copy has been mailed to the claimant." There are valid reasons for instituting such a rule. It will tend to discourage dilatory parties from unjustly prolonging litigation with attendant financial disadvantage sometimes to impecunious, unemployed workmen. The claimant must attach his medical report when he moves for a trial setting.

The purpose of any judicial proceeding is to see that the litigants may present their evidence and arguments, that they are treated fairly and that equal justice is afforded both sides. The construction of rules of court which would preclude or hamper the admission of evidence on procedural grounds should be viewed with this thought in mind.

It would appear that if these simple rules are observed and followed by the parties, they can and will be fully prepared for hearing and each case can be fully and completely tried on the date set. Given a fair reading this Court does not find any denial of equal protection under the Constitution of the United States or Constitution of Oklahoma as claimed by respondents. The rules in question serve a worthy purpose in promoting the prompt termination of litigation and appear to us to be reasonable and to afford the respective parties a fair opportunity to present their case and receive "even-handed justice."

From a careful examination of the record this court cannot find such an abuse of discretion as to warrant vacation of the trial judge's reliance upon Rule No. 12 of the Industrial Court Rules. From the record we've noticed that respondent attempted to offer into evidence three different medical reports. The medical reports of Dr. S and Dr. T had not been filed, per requirement of the rule. However, copies had been timely served upon claimant's attorney. Although the letter of Rule 12 had not been followed, perhaps partial compliance would have warranted the trial court in relaxing Rule 12, were it not for the fact that the medical reports of Dr. S and Dr. T made no findings at all one way or the other on claimant's alleged permanent partial disability.

With respect to respondent's offer into evidence of Dr. N's report, as before, the respondent had failed to conform with Rule 12, not having timely (or at all) filed a copy with the court. Moreover, the respondent had not furnished claimant with a copy. Further the report by Dr. N was dated April 7, 1975 some three and one-half months prior to the claimant's last alleged aggravating accident. In these circumstances this Court does not find that the trial judge was in error in choosing to rely upon and enforce the rule of the Industrial Court, supra.

We determine that there was sufficient competent evidence to support the order of the trial court. Dr. A's letter

attached to his deposition expressed that in his professional opinion claimant's

"injuries were in the nature of a whiplash type of cervical strain and a lumbosacral strain, both of which injuries in my opinion are now chronic and further it is my opinion that as a result of these injuries, Billy Wilson has a 30% of total permanent disability to the body as a whole . . . ."

Award Sustained.

All Justices concur.