ED WRIGHT CONSTRUCTION CO. and U. S. F. & G. Company, Petitioners,

v.

Earl McKEY, Respondent.

No. 51974.

Supreme Court of Oklahoma.

Feb. 20, 1979.

---

Stephen J. Scherer, Wilcoxen, Cate & Scherer, Muskogee, for petitioners.

Joe P. Robertson, Wagoner, for respondent.

HODGES, Justice.

The issue for review is whether a trial judge's refusal to admit the report of petitioners', Ed Wright Construction Co. and U.S.F.&G. Company (companies), medical examiner into evidence constituted abuse of discretion which prejudiced their rights and denied due process of law.

The claim for compensation filed by Earl McKey (claimant) alleged a back injury occurred February 1, 1977, during covered employment. At the hearing (October 26, 1977) the companies stipulated jurisdictional and evidentiary facts. The case was heard for the determination of permanent partial disability. Numerous factual matters asserted in the briefs do not appear in the record reviewed.

Following his injury, claimant was treated by a chiropractor. His condition precluded awaiting appointment with the companies' physician, and when he requested medical treatment, the companies advised him to select his own physician. Treatment by Dr. R. in Wagoner, Oklahoma, did not alleviate his condition. Thereafter, the companies sent the claimant to a Tulsa neurosurgeon who examined him and scheduled a further appointment. The companies notified the claimant and furnished expense money for that appointment at which the specialist discussed the need for a myelogram and requested claimant's return in six weeks. Neither an appointment card nor expense money was sent claimant, who then resumed treatment under Dr. R., although the companies notified claimant they would not pay Dr. R. This doctor referred claimant to a Tulsa specialist who prescribed a back brace which he wore while also regularly taking prescribed pain medication and nerve relaxants.

At the hearing, claimant introduced the medical report from Dr. B. who diagnosed acute lumbar strain with possible ruptured

disc. The report found prognosis to be poor, and determined that claimant was 100% disabled for ordinary manual labor. No medical reports from the companies' neurosurgeon, or other medical evidence, was offered. Although the record discloses nothing in relation to this failure, the trial court announced the cause would pend until November 17, 1977, for the filing of the companies' medical evidence. Counsel was directed to advise the court by letter when the case was ready for decision. A medical report from Dr. D., based upon examination conducted November 15, 1977, was mailed to the court and claimant's counsel on November 22, 1977.

The companies' brief recites matters which, although not shown by the record, allegedly prevented compliance with the trial court's order. Although the tendered medical report does not reflect when it was received, the parties apparently agree this medical report was received November 25, 1977.

On January 27, 1978, the trial court entered an order awarding compensation for permanent total disability to body as a whole resulting from accidental injury. This order further found the proffered medical report from companies' physician was not admissible in evidence because it was not filed in compliance with the trial court's order. This provision of the order provokes the issue whether this order precluded a full hearing and substantially prejudiced companies' rights.

▪ The companies acknowledge the trial court's discretion governs admissibility of belated medical evidence which does not comport with the plain requirements of 85 O.S.1976 Supp. Ch. 4, App.Rule 12.[1] However, they insist the State Industrial Court duty is to grant a full and complete hearing before making an award.[2] Strict pleading and practice rules are not applicable to workmen's compensation cases, and a fundamental requirement declares that all parties shall have opportunity to develop their case before the State Industrial Court.[3] Reliance upon these principles is the basis for the claimed abuse of discretion which allegedly precluded a full hearing, substantially prejudiced the rights of the companies and resulted in a denial of due process.

▪ The Act, 85 O.S.1971 § 77 empowers State Industrial Court adoption of reasonable rules and regulations.[4] The rules adopted may prescribe the time within which specified procedural acts are to be done.[5] Authority to adopt includes power to relax rules.[6] Continuances are granted pursuant to 85 O.S.1976 Supp. Ch. 4, App. Rule 16.[7]

When any cause is set for hearing and notice given, the Trial Judge to whom said hearing is assigned shall proceed to hear it unless for good cause shown a continuance is granted. Continuance may be had only upon showing that the cause is not then properly triable or upon account of absence of evidence. If continuance upon the ground of absence of evidence is asked, it shall be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if the residence is known to the party, and the probability of securing his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true. If thereupon the adverse party will consent that upon the hearing the facts alleged in the affidavit shall be accepted and treated as the deposition of the absent witness, or that the facts in relation to other

1. It is provided by 85 O.S.1976 Supp. Ch. 4, App.Rule 12 in pertinent part:
   The parties will be fully prepared for hearing so that each case will be fully and completely tried on the date set. Each party shall present all evidence at the initial hearing except as hereinafter provided.

2. *Pallesen Const. Co. v. Warren,* 402 P.2d 256 (Okl.1965).

3. *Blue Bell, Inc. v. McKay,* 573 P.2d 709 (Okl. 1978).

4. *Armco Steel Co. v. State Industrial Court,* 567 P.2d 99 (Okl.1977).

5. *City of McAlester v. Nave,* 451 P.2d 681 (Okl. 1969).

6. *Wood v. Okla. Osteopathic Hospital,* 512 P.2d 135 (Okl.1973).

7. Continuances are granted pursuant to 85 O.S. 1976 Supp. Ch. 4, App.Rule 16 which provides:

■ Because the trial court voluntarily relaxed Rule 16, by granting a continuance to allow the production of medical evidence, the ensuing question concerns the propriety of the trial court's ruling denying admissibility of that evidence. Under this record no reason appears for granting less than 30 days' time to secure this medical report. This is demonstrated by record facts showing claimant entered no objection to the report, and waived the right of cross-examination by failure to advise respondents within five days after receipt of the report.[8]

A fundamental requirement applicable to workmen's compensation proceedings is the opportunity for all parties to develop their case before State Industrial Court. This principle has been applied consistently in cases involving a claimant's failure to establish his case by competent medical evidence, where proceedings are vacated and remanded to State Industrial Court to afford the claimant the opportunity to develop his case properly in that court.[9] In *Carpenter v. Douglas Aircraft Co., 420 P.2d 911 (Okl. 1966)*, it was expressly held that failure to remand to permit eliciting evidence, missing because of inadvertent oversight, constituted an abuse of discretion.

The present cause justifies application of the same reasoning. There was no objection to the proffered medical evidence, and it appears the evidence was held inadmissible solely because it was received after the date set by the trial court, despite the fact the order was not issued until more than sixty days thereafter. Under these circumstances we are of the opinion the trial court's ruling constituted an abuse of discretion. The fundamental requirement is that respondents be afforded the opportunity to develop their case before State Industrial Court.

Award vacated and cause remanded to State Industrial Court with directions to conduct further proceedings consistent with views expressed.

All the Justices concur.

---

evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence.

Nothing in this rule shall prevent a Trial Judge from ordering a continuance of his own motion if he considers such continuance necessary or advisable.

8. See *Gregory & Gregory Const. Co. v. Naylor, 460 P.2d 429 (Okl.1969)*.

9. *1800 Restaurant, Inc. v. Gossett, 262 P.2d 437 (Okl.1953)*.