**Bradley A. TEWS, Appellant,**

v.

**HUSQVARNA, INC., et al.,
Respondents.**

**No. CO–86–352.**

Court of Appeals of Minnesota.

July 15, 1986.

Review Denied Sept. 24, 1986.

William J. Krueger, Horvei & Krueger, P.A., Roseville, for appellant.

Jerome Abrams, Austin & Roth, Minneapolis, for respondents.

Heard, considered, and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Appellant Bradley Tews sued respondent Husqvarna, Inc., for damages resulting from an injury he suffered while using a chain saw manufactured by Husqvarna. The jury found that the chain saw was not unreasonably dangerous, that Tews failed to exercise reasonable care in using the saw, that he assumed the risk of his injury, and that he suffered no damages. The trial court entered judgment for Husqvarna and denied Tews' post-trial motions for judgment notwithstanding the verdict or a new trial. Tews appeals from the order denying his post-trial motions. We affirm.

## FACTS

In December 1978 Tews purchased a new Husqvarna Model L–65 chain saw and used it without incident for two years. He testified that it was reliable and that he had no complaints about its performance. He testified that he did not recall receiving an instruction booklet with the saw, but that he had operated chain saws before he bought the Husqvarna saw and knew of the safety hazards.

In January 1981 Tews and Richard Peterson were dragging a felled elm tree out of the woods with a tractor when the elm became lodged between two standing trees. Tews began sawing off the limbs that were caught in the standing trees. These limbs were "under tension," i.e., there was pressure on the limbs, either from the ground they were lying on or from the standing trees they were pressed against.

Tews positioned the saw on the top of one of the limbs pressed against the standing tree; his intent was to cut the branch

until it moved in order to see how much tension was on the branch. He testified that he knew he had to be cautious when cutting branches under tension because of the force released when the branch is cut through and that he had seen branches spring up to 20 feet when the cut released the tension holding the branch. He further testified that he knew the tension release would cause the branch to move toward him, but that he had no choice but to stand where he was when cutting because of the branch's position in relation to the trunk.

When Tews felt the branch move, he attempted to remove the saw, but the limb snapped before he could do so. The branch hit his left hand, knocking it from the top handle of the chain saw, struck his chest, and knocked him backward onto the ground. He was not able to control the chain saw with just his right hand, and it came down onto his left forearm, causing a large gash. He tried to pick up the saw with his right hand but dropped it and cut his left forearm again. Peterson did not witness the accident.

In March 1982 Tews commenced this action against Husqvarna, alleging the chain saw was defectively designed because it did not have a chain brake and that this was a direct cause of his injuries. He also alleged the saw was unreasonably dangerous because Husqvarna failed to warn of the saw's hazards and failed adequately to instruct on the safe use of the saw.

At trial extensive expert testimony was offered on the design of chain saws. Tews' experts testified that had the Husqvarna chain saw been equipped with a chain brake, it would have stopped the chain and prevented Tews' injury. Husqvarna's experts, however, testified that chain brakes were not designed to diminish or prevent the hazards associated with the type of accident Tews was involved in.

The expert testimony revealed that although many chain saws are equipped with chain brakes, they are a fairly recent safe-ty feature and are not required in the United States. When Tews purchased the Husqvarna saw in 1978 no chain brake was available for that particular model as marketed in the United States. The chain brake had been made available in Sweden, where Husqvarna's saws are manufactured, just three months before Tews purchased his saw. Over Tews' objection, the trial court excluded evidence that chain brakes are now mandatory under Swedish law. The trial court ruled that while technology is unlimited by political boundaries and is therefore relevant, legal standards in other countries are irrelevant.

The jury determined that the saw was not unreasonably dangerous either as a result of its design or Husqvarna's warnings. The jury also found that Tews assumed the risk of the injury that occurred. Tews appeals from an order denying his motions for a new trial or JNOV.

## ISSUE

Did the trial court err in denying appellant's motion for a new trial?

## ANALYSIS

■■■ The decision whether to grant a new trial rests in the discretion of the trial court. Its decision will not be reversed absent a clear abuse of discretion. *Connolly v. Nicollet Hotel*, 258 Minn. 405, 407, 104 N.W.2d 721, 724 (Minn.1960). Appellant assigned five separate grounds as error in his motion for a new trial under Minn.R.Civ.P. 59.01. Our review is limited to those grounds.[1] *Beckman v. Universal Enterprises, Inc.*, 367 N.W.2d 577, 579 (Minn.Ct.App.1985).

■■ 1. Appellant contends the trial court displayed partiality that resulted in the denial of a fair trial. He cites three examples. First, he argues that a bench discussion, during which the judge questioned the common sense of the testimony of one of Tews' expert witnesses, showed

---

1. An order denying a motion for JNOV is not an appealable order. *Weiby v. Wente*, 264 N.W.2d 624, 625 n. 1 (Minn.1978). Such orders may only be reviewed on appeal from the judgment. *Mocuik v. Svoboda*, 253 Minn. 562, 567, 93 N.W.2d 547, 550 (1958).

that he disfavored plaintiff's case. To the extent this was error, it was harmless error under Minn.R.Civ.P. 61, since the jury did not hear the statement and the trial court made several comments on the record indicating his confidence in the intelligence and competence of the expert witness; the court's post-trial memorandum recites that his intent was to save Tews' attorney from embarrassment. Furthermore, the transcript also shows that this testimony by the expert witness was not critical to the case and that adequate foundation had not been established for its reception.

■ Appellant's counsel complains that the trial court also refused him permission to approach the bench to discuss objections. The transcript shows that he frequently attempted to argue the court's rulings. Attorneys may place their objections to the trial court's rulings on the record in order to preserve an issue for appeal; they are not, however, permitted to engage in argument with the trial judge over the correctness of the court's rulings.

Finally, appellant contends the trial judge repeatedly invited Husqvarna's attorney to object. Our review of the transcript fails to substantiate this claim. Instead, the record reveals accommodating and even-handed behavior by the trial court.

■ 2. Appellant argues that jury misconduct occurred during the trial. Appellant, however, did not request a hearing under *Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960), to ascertain whether the jury's alleged misconduct had a prejudicial effect on the outcome of the case. At the first suspicion of jury misconduct, counsel should bring the matter to the trial court's attention by requesting a *Schwartz* hearing. Absent such a request, the issue may not be raised for the first time in a motion for a new trial or on appeal. *See Zimmerman v. Witte Transportation Co.*, 259 N.W.2d 260, 262 (Minn.1977); *Pomani by Pomani v. Underwood*, 365 N.W.2d 286, 290 (Minn.Ct.App.1985).

■ 3. Appellant asserts four "errors of law" which he claims require the granting of a new trial. First, he argues that the trial court erred in excluding his experts' opinions that the saw that injured Tews was defective for lack of a chain brake. While Minn.R.Evid. 704 permits opinion testimony that embraces an ultimate issue to be decided by the trier of fact, the rule permits such opinion testimony only if the testimony is "otherwise admissible." The transcript reveals that the testimony was ruled inadmissible due to lack of foundation and lack of proper qualification as an expert. Trial courts have considerable discretion in determining the sufficiency of foundation laid for expert opinion, and a trial court's exclusion of such testimony will not be disturbed on appeal absent an abuse of discretion. *Reinhardt v. Colton*, 337 N.W.2d 88, 92 n. 1 (Minn.1983). We find no such abuse of discretion here.

■ Second, the trial court did not err in excluding testimony concerning the legal requirements for chain brakes in foreign jurisdictions. The court admitted testimony on current chain saw technology from around the world, but explained that while technology available in other jurisdictions is relevant, legal standards in other jurisdictions are not. Evidentiary rulings on relevancy are committed to the trial court's sound discretion and will be overturned only when that discretion has been clearly abused. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983). We cannot say that the trial court abused its discretion in excluding this evidence.

■ Next, the trial court is alleged to have erred in excluding from evidence a promotional film produced by another chain saw manufacturer on the benefits of chain brakes. The trial court, after viewing the film, characterized it as "pure advertising hype without any probative value." The trial court was well within the limits of discretion in excluding the film as lacking in probative value.

■ Finally, appellant claims the trial court erred by instructing the jury on assumption of risk and in its instructions on products liability. The evidence indicates that Tews knew his saw had no chain brake and that he was well aware of the hazards of using chain saws. The evidence also shows that Tews was aware of the risk involved in cutting branches under tension. In the face of such evidence, it would have been error to refuse an instruction on assumption of risk.

■ The trial court's instructions concerning Husqvarna's responsibility were limited to whether the saw was unreasonably dangerous either as a result of a design defect or as a result of Husqvarna's failure adequately to warn of the saw's dangers or to instruct on its safe use. The trial court's instructions and special interrogatories on this issue properly reflect the merger of strict liability and negligence in cases of design defect and failure to warn. *See Bilotta v. Kelley Co., Inc.*, 346 N.W.2d 616, 622–23 (Minn.1984) (focus in design defect cases is on manufacturer's conduct, rather than the product's condition; assuming proper instruction to ensure the broadest theory of recovery, a trial court may properly submit a design-defect or failure-to-warn case to a jury on a single theory of products liability). *See also Holm v. Sponco Mfg., Inc.*, 324 N.W.2d 207 (Minn.1982) (rejecting the "consumer expectation" standard in favor of the "reasonable care" balancing test).

■ 4. Appellant argues the verdict is not supported by the evidence. An appellate court will substitute its judgment for that of the jury only when there is no evidence reasonably tending to sustain the verdict or if the verdict is manifestly and palpably against the weight of the evidence. *Otterness v. Horsley*, 263 N.W.2d 403, 405 (Minn.1978). Here, there also was strong evidence of appellant's own negligence and assumption of risk. His testimony established he was knowledgeable about the use of chain saws and the hazards involved, that he was specifically aware of the risk of cutting a branch under tension

and had seen limbs spring up when the tension was released, that he appreciated the risk of standing squarely in front of a branch while sawing it under tension, and that he nonetheless determined to stand there because he could not reach the branch any other way. The jury could properly have concluded that he assumed the risk of his injury. Because the verdict is justified by the evidence and is not contrary to law, the trial court properly denied the motion for a new trial.

■ 5. The jury's finding of no damages is contrary to the evidence. However, when a jury has determined that there is no liability on the part of the defendant, and that finding is supported by credible evidence, the denial of damages or the granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse. *Wefel v. Norman*, 296 Minn. 506, 508, 207 N.W.2d 340, 341 (1973). Neither does it entitle him to a new trial. *Otterness*, 263 N.W.2d at 405. Because the jury's verdict on liability is supported by substantial and credible evidence, we cannot order a new trial on the basis of inadequate damages.

### DECISION

The judgment is affirmed in all respects. Affirmed.