James E. PERLINGER, Petitioner,

v.

J.C. ROGERS CONSTRUCTION COMPA-
NY, Federated Insurance Company,
and the Workers' Compensation Court,
Respondents.

No. 65437.

Supreme Court of Oklahoma.

March 29, 1988.

Richard A. Bell, Norman, for petitioner.

James Durant, Oklahoma City, for re-
spondents.

HODGES, Judge.

On September 26, 1984, petitioner James
E. Perlinger was injured accidently while
shoveling sand for his employer, J.C. Rog-
ers Construction Company. Petitioner was
treated by a chiropractor Dr. Meyer. Dr.
Meyer made a report on petitioner which
consisted of a Form 4. In this Form 4, Dr.
Meyer twice indicated petitioner had no
permanent disability. Petitioner did re-
ceive temporary disability benefits for his
injury, but did not receive permanent dis-
ability benefits.

Approximately five months later, peti-
tioner filed a Form 3 requesting permanent
disability benefits. He was examined by
Dr. Moore who reported petitioner had sus-
tained 20 percent permanent partial disabil-
ity to his lower back and five percent per-
manent partial disability to his right hip.
The doctor attributed the disability to the
job-related accident. Dr. Moore's report
was offered into evidence at trial on behalf
of petitioner's claim.

J.C. Rogers Construction Company, respondent, admitted liability for the injury suffered by petitioner. However, respondent denied permanent disability and submitted the report by Dr. Meyer relating to temporary benefits into evidence. After viewing the evidence, the Workers' Compensation Court found petitioner to have only eight percent permanent disability. On appeal, petitioner maintained he was 25 percent permanently disabled according to Dr. Moore's report and this report was the only competent evidence presented at trial that the trial court could rely on for its determination of disability. Petitioner asserted Dr. Meyer's report, which had been objected to by petitioner for incompetence and lack of probative value, was incompetent evidence under 85 O.S.1981, Ch. 4, App., Rule 20 on which the trial court should not have relied. The Court of Appeals, Division 2, affirmed the Workers' Compensation Court's decision finding Dr. Meyer's report was competent evidence under Rule 20 and petitioner's objection to such evidence was waived. After previously granting certiorari to review the unpublished opinion of the Court of Appeals, we now vacate the opinion of the Court of Appeals, reverse the judgment of the Workers' Compensation Court and remand the cause with instructions.

The primary issue for review by this Court is whether the Workers' Compensation Court's decision is supported by competent evidence. The only evidence presented at trial concerning the proof of petitioner's permanent disability consisted of reports by Dr. Meyer and Dr. Moore. Dr. Meyer's report, which was offered by respondent, concluded petitioner did not suffer any permanent disability from the job-related accident. However, this report's conclusion was unsupported by any facts, and the report itself was not in substantial compliance with 85 O.S.1981, Ch. 4, App., Rule 20. The transcript of the trial reveals petitioner objected to the admission of the report. Therefore, we find the Court of Appeals erred in concluding petitioner waived any objection to the admissibility of the report.

In *Special Indemnity Fund v. Stockton,* 653 P.2d 194, 200 (Okla.1982), this Court stated:

"[T]here is no room for construction or provision for further inquiry when the legislature clearly expresses its intent, as it has in this case through Rule 20 and Rule 23. [citation omitted] In a recent interpretation of the Workers' Compensation Act of 1977, this Court said that 'A plain reading of the statute reveals that the *Guides* shall be the basis for testimony and conclusions concerning permanent impairment ...'

.    .    .    .    .

"In summary, competent evaluation of permanent impairment requires adequate and complete medical examination and substantial compliance with the *Guides.* Furthermore, when medical evidence is supplied by written medical report, substantial compliance with Rule 20 is mandatory."

This Court rejected the medical report in *Stockton* because it failed to comply with the *Guides to Evaluation of Permanent Impairment* as published by the American Medical Association in 1977. Also the medical evidence failed to include the findings on examination, including the description of the exam and any diagnostic test and x-rays.

■ In the present case, Dr. Meyer's report fails to mention the application of the *Guides* which is in contradiction with Rules 20 and 23, and the *Stockton* case. Additionally, the Form 4 does not contain a complete history of petitioner, or the physician's findings on examination including the description of any diagnostic tests and x-rays. The report only described the treatment rendered and the general types of tests conducted but did not relate the results of those tests as required by Rule 20. It is well settled that the weight of an opinion of a witness is of no greater value than the reasons given in its support, and if no rational basis for the opinion appears, or if the facts from which the opinion was derived do not justify it, the opinion is of no probative force. *Downs v. Longfellow Corp.,* 351 P.2d 999, 1004 (Okla.1960). Be-

cause the report offered by respondent lacked any probative force and failed to substantially comply with Rule 20, the report was not competent evidence for which the trial court could base its conclusion. *Henry v. Smith,* 742 P.2d 35 (Okla.Ct.App. 1987).

■ The only competent evidence of petitioner's disability was the complete narrative medical report of Dr. Moore. Because the petitioner's report was essentially uncontroverted, it was not necessary for the trial court to make an independent diagnosis of petitioner's condition. The permanent disability issue was one of science and must be proved by medical expert testimony. Pursuant to *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984), this Court will reverse a trial tribunal's decision in a workers' compensation case when it is not supported by any competent evidence. Since the report by Dr. Meyer was not competent evidence, the only competent evidence admitted was that of petitioner which stated disability at 25 percent. Therefore, the 8 percent permanent disability found by the trial court was not based on competent evidence.

Accordingly, the opinion of the Court of Appeals and the order of the Workers' Compensation Court are vacated, and the cause is remanded to the trial court with instructions to enter an award for 20 percent permanent partial disability to the lower back and five percent permanent partial disability to the right hip.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, J., concurs in part and dissents in part.

OPALA, Justice, concurring in part and dissenting in part.

I concur in today's vacation of the Court of Appeals' opinion and of the order of the Workers' Compensation Court; I dissent from that part of today's opinion which directs the trial tribunal to enter an award for a specified percentage of disability. I would remand this claim to the trial judge for rehearing and redetermination of the disability to be awarded. *Glaspey v. Dickerson,* Okl., 350 P.2d 939, 943–944 [1960].