1999 OK 15

Jerri Lynn BEETS, Petitioner,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Travelers Insurance Company and The Workers' Compensation Court, Respondents.

No. 91,416.

Supreme Court of Oklahoma.

March 2, 1999.

Rehearing Denied Jan. 11, 2000.

As Corrected Jan. 10, 11, and Jan. 13, 2000.

Michael R. Green, Tulsa, For Petitioner.

Rebecca Harvey, Brigid F. Kennedy, Oklahoma City, For Respondents.

¶1  KAUGER, J.:

■  ¶2  The dispositive issue presented on certiorari[1] is whether the trial court abused its discretion when it admitted an untimely filed medical report.  Under the facts presented, the untimely filed medical report was properly admitted into evidence.

## ¶3  FACTS

¶4  While working for the respondent, Metropolitan Life Insurance Company (the employer), the petitioner, Jerri Lynn Beets (the claimant) injured her back on December 24, 1994.  Subsequently, the claimant filed a claim in the Workers' Compensation Court, and on November 15, 1996, the court award-ed her temporary total disability benefits, and medical treatment.

¶5  The claimant had back surgery in May of 1997.  On February 23, 1998, Dr. Mayoza, the treating physician, evaluated the claimant for a determination of permanent partial impairment.  She delivered Dr. Mayoza's report to her employer on March 3, 1998, and filed a form 9 in the Workers' Compensation Court.  On April 30, 1998, Dr. Farrar evaluated the claimant on behalf of the employer.  On May 1, 1998, Metropolitan received Dr. Farrar's report, and sent it to the claimant the same day.  She filed a written objection to the employer's medical report on May 6, 1998, stating that she did not receive the report until May 2, 1998.

■  ¶6  The cause was presented for trial on May 7, 1998, the claimant submitted, without objection, the report of Dr. Mayoza which stated her lumbar spine was 49% permanently partially impaired, and that she had a 5% permanent partial impairment to her left hip.  The employer offered Dr. Farrar's report which reflected that the claimant had a "16% impairment to the body as a whole as contributed by the lumbar spine."  The claimant objected to the employer's medical report, asserting that it was not exchanged twenty days prior to trial as required by 85 O.S.1991, Ch. 4 App. Rule 19.[2]

1.  In her petition in error, in addition to the Rule 19 objection, the claimant also asserts that the trial court erred because it overruled her objection to the medical report's competence and probative value pursuant to 85 O.S.1991, Ch. 4, App. Rule 20 of the Rules for the Workers' Compensation Court.  Because the Court of Civil Appeals found the Rule 19 issue dispositive, it did not address the Rule 20 objection.  When this Court vacates the opinion of the Court of Civil Appeals, we may address any issue properly raised in the appeal or remand the cause to the Court of Civil Appeals for that court to address such an issue.  Rule 1.80, 12 O.S. Supp.1997, Ch. 15, App. 1, Oklahoma Supreme Court Rules.  Here, we need not remand it to the Court of Civil Appeals.  Prior to trial, the petitioner filed a written objection with various general allegations.  85 O.S. 1991 Ch.4, App. Rule 23, provides that specific objections to evidence shall be made at the time of the trial or shall be deemed waived.  At trial, the claimant objected to the report alleging *only* that it was untimely under Rule 19, and that it was without probative value because it "did not find permanent impairment as a result of a surgically treated disk lesion, nor did he provide for any impairment as a result of motor weakness into the left lower extremity."  In *Gaines v. Sun Refinery & Marketing*, 1990 OK 33, ¶21, 790 P.2d 1073, 1080, [rejected in part by *Davis v. B.F. Goodrich*, 1992 OK 14, 826 P.2d 587, on other issues] we held that this Court will not reverse for failure to follow 85 O.S.1991, Ch. 4, App. Rule 20, or the A.M.A. guidelines unless an objection states the specific grounds which include either the specific provision of Rule 20 and/or the A.M.A. Guidelines which is the basis of the objection.  See also, *Lacy v. Schlumberger Well Serv.*, 1992 OK 54, ¶22, 839 P.2d 157, 164.

2.  A workers' compensation claim is ruled by the law in existence at the time of the injury and not by the laws enacted thereafter.  *Batt v. Special Indem. Fund*, 1993 OK 163, ¶9, 865 P.2d 1244, 1247; *Branstetter v. TRW/Reda Pump*, 1991 OK 38, ¶6, 809 P.2d 1305, 1307; *Lee Way Motor Freight v. Wilson*, 1980 OK 48, ¶7, 609 P.2d 777, 779.  The claimant was injured on December 24th, 1994, and the statute in effect at that time was 85 O.S.1991, Ch. 4, App. Rule 19 which provides in pertinent part:

The judge overruled her objections, and offered the claimant the opportunity to reset the trial date to allow the full twenty days required by Rule 19.[3] The claimant declined the offer and the trial judge admitted Dr. Farrar's report into evidence.

¶ 7　On June 3, 1998, the trial judge entered an award for permanent partial disability, finding that the petitioner was 17% permanently partially disabled to the lower back and 1% permanent partially disabled to the hip or a total of 18% impairment to the body as a whole. The claimant appealed, and the Court of Civil Appeals vacated and remanded, finding that the Workers' Compensation Court erred when it admitted the doctor's report into evidence. The employer petitioned for certiorari. Certiorari is granted, the Court of Civil Appeals opinion is vacated, and the trial court is affirmed.

> ... "C....No later than twenty (20) days prior to the date of trial, all parties shall exchange medical reports, all documentary evidence, exhibits and a complete list of witnesses with all opposing parties and counsel.
> D.　No party, including the Special Indemnity Fund, will be allowed to introduce documentary evidence not timely exchanged or to amend forms, answers, medical reports or lists of witnesses within twenty (20) days of the date of trial, unless the opposing parties waive all objections, or the offering party shows in an adversary proceeding good cause why the late offering of such evidence should be excused."...
> Rule 19 has been amended twice since 1991, in 1995 and 1997. However, all three versions require that good cause exist to excuse the twenty day requirement.

**3.**　The transcript of the trial proceeding of May, 7, 1998, provides in pertinent part:
> ... "MR. GREEN: We'd object, Your Honor, under Rule 19. It's not filed within the 20 day period, or exchanged. I guess I should say it was not exchanged with the 20 day period prior to trial.
> ...
> THE COURT: Thank you. I'm going to overrule your probative value objection.
> I'm also going to overrule your Rule 19 objection. As we talked about before going on the record, Mr. Green, the case law tells the Court two different things. Number one, we have to adhere to the rule that all medical evidence needs to be filed and exchanged prior to trial.
> And Ms. Harvey, you need to discuss that with your client. This could have been done

## ¶ 8　UNDER THE FACTS PRESENTED, THE MEDICAL REPORT WAS PROPERLY ADMITTED INTO EVIDENCE UNDER RULE 19 OF THE RULES FOR WORKERS' COMPENSATION COURT.

¶ 9　The employer relies on our decision in *Gaines v. Sun Refinery & Marketing*, 1990 OK 33, 790 P.2d 1073,[4] to support its argument that the *untimely* medical report was properly admitted into evidence by the trial judge. The claimant counters that: 1) Gaines is inapplicable here because it involved objections to the *content* of a medical report under Rule 20,[5] rather than the issue of *untimeliness* pursuant to Rule 19;[6] and 2) several Court of Civil Appeals' opinions are conflicting regarding whether the trial court must make an express finding of good cause to exist before admitting an untimely medical report.[7] Certiorari is grant-

> a lot sooner. I looked in the pleadings and this case didn't come up quickly at all.
> However, Mr. Green, we also have a case law that tells us essentially a
>> trial judge can't jackpot a claimant or a respondent on the first go around. The parties need to be given an opportunity to correct the problems in their [sic] medical.
>> Before trial I offered you the opportunity to either reset this case, to depose Dr. Farrar, or to proceed. You chose to proceed, but informed me you were going to make your objection, and I told you how I was going to rule. I'm going to have to overrule you, sir, and—I mean, you elected to proceed, so I'm going to admit Respondent's exhibit No. 1."...

**4.**　*Gaines v. Sun Refinery & Marketing*, 1990 OK 33, 790 P.2d 1073 [rejected in part by *Davis v. B.F. Goodrich*, 1992 OK 14, 826 P.2d 587, on other issues].

**5.**　Rule 20 provides that a medical report is not competent, unless it is in substantial compliance with the appropriate AMA Guidelines. See, 85 O.S.1991, Ch. 4, App. Rule 20.

**6.**　Rule 19 requires that all medical reports which are not exchanged by opposing parties twenty days prior to trial be excluded from evidence, unless good cause is shown why the report should not be excluded. Title 85 O.S.1991, Ch. 4, App. Rule 19, see note 2, supra.

**7.**　See discussion, footnote 8, infra. The claimant, citing *Henry v. Corp. Com'n.*, 1990 OK 103, ¶ 15, 825 P.2d 1262, 1267, also argues that the

ed to revisit Gaines and its underlying rationale, and to resolve any apparent conflict in the Court of Civil Appeals' opinions.[8]

¶ 10 While we agree that *Gaines* is not dispositive of this cause, we find that its rationale may be instructive here. *Gaines* involved a claimant who was seeking compensation for loss of pulmonary function. Three medical reports were submitted at trial—the claimant's report, the employer's report, and a report introduced by the court. The trial court, following the recommendations of the employer's report, found that the claimant did not sustain an accidental injury arising out of and in the course of employment. The claimant appealed asserting that the employer's medical report did not substantially comply with Rule 20. On appeal, this Court found that none of the medical reports substantially complied with Rule 20. Accordingly, we reversed and remanded to allow competent evidence to be presented.

¶ 11 However, in *Gaines*, we also discussed what we would do in cases where only one report was found to be incompetent. Prior to *Gaines*, if only one report were found incompetent, the party opposing the

admission of the report automatically received a judgment in its favor.[9] In *Gaines*, we overruled the "jackpot" rule, and said:

"Such a rule favored the party who remained mostly silent at trial with regard to errors in the opponent's medical report. A reward for such silence is inconsistent with the norm now set forth by this Court which encourages parties to specifically object to errors in the doctor's report at the first opportunity. Rather than making a perfunctory objection at trial and raising specific objections for the first time on appeal, we seek to facilitate the trial court's review of the medical reports by encouraging meaningful opportunity to review and correct such errors before they reach the appellate stage."

¶ 12 The *Gaines* rationale: 1) avoids a windfall by either party; 2) develops competent evidence at the trial level; 3) allows all parties the opportunity to develop their case before the Workers' Compensation Court; and 4) provides a meaningful end to the litigation. A similar principle was applied over ten years earlier to *untimely* filed medi-

---

Workers' Compensation Court is like an administrative agency and that as such, rules promulgated by administrative agencies, must be strictly adhered to and enforced. We find this argument without merit. In, *Whitson v. Oklahoma Farmers Union Mut. Ins. Co.*, 1995 OK 4,¶ 10, 889 P.2d 285, 287 we recognized that Oklahoma's Workers' Compensation Court, unlike the workers' compensation schemes of many other states is not an administrative agency. This Court has also held that strict pleading and practice rules are not applicable to workers' compensation cases. *Ed Wright Constr. Co. v. McKey*, 1979 OK 25, ¶ 7, 591 P.2d 302, 304. The claimant also, in her brief, asserts that if evidence is allowed to be introduced which was not exchanged twenty days prior to trial, Art. 5, § 46 of the Okla. Const., which prohibits local or special laws on certain subjects, is violated. However, the brief cites no authority, other than this provision of the Oklahoma Constitution which is inapplicable here, in support of her argument. This Court does not consider assignments of error unsupported by convincing argument or authority, unless it is apparent without further research that they are well taken. *Mills v. Grotheer*, 1998 OK 33, ¶ 15, 957 P.2d 540, 544; *Peters v. Golden Oil Co.*, 1979 OK 123, ¶ 4, 600 P.2d 330, 331.

untimely medical report. Subsequently, in at least four non-published opinions, the Court of Civil Appeals has espoused differing views on how to treat untimely filed medical reports. In *Redshirt v. Express Personnel*, No. 90,335, promulgated April 10, 1998, an untimely medical report was allowed into evidence without a specific finding of good cause because the trial judge offered the claimant the opportunity to depose the doctor and offered to continue the proceeding. In *Bodien v. Goldies*, No. 90,127 promulgated March 3, 1998, an untimely medical report was allowed into evidence because the record revealed that there was no surprise or trickery and the trial judge was willing to allow the claimant the full twenty days to access the medical report and depose the witness, but the claimant declined. However, in *Hughes v. Cole*, No. 88,973, promulgated June 17, 1997, and *Bolding v. Homeland*, No. 90,347, promulgated May 5, 1998, the Courts of Civil Appeals both followed the general rule that Rule 19 was mandatory and unambiguous and without conducting a hearing and making an express finding to depart from the rule, untimely filed medical reports would not be admitted into evidence.

---

**8.** See,12 O.S.1991 Okla.Sup.Ct.R. 1.178(a)(3). In *Bi–Lo Food Warehouse v. McCause*, 1992 OK CIV APP, 836 P.2d 689, the Court of Civil Appeals affirmed the trial court's admission of an

**9.** *LaBarge v. Zebco*, 1988 OK 147, ¶ 7, 769 P.2d 125, 128; *Perlinger v. J.C. Rogers Constr. Co.*, 1988 OK 33, ¶ 7, 753 P.2d 905, 907.

cal reports in *Ed Wright Construction Co. v. McKey*, 1979 OK 25, 591 P.2d 302. In *Wright*, we reviewed an award of the Workers' Compensation Court in which the exclusion of an untimely filed medical report was questioned. The petitioner sought a determination of permanent partial disability for a back injury that occurred during employment. At the hearing, the claimant introduced a medical report which found that claimant was 100% disabled for ordinary manual labor. The employer failed to present a medical report. The rule involved in *Wright* required that the parties be prepared to try the case on the trial date. Although the record disclosed nothing in relation to this failure, the trial court announced that the cause would remain pending for three weeks for the filing of the employer's medical report.

¶ 13 The *Wright* medical report was filed one week late, and the trial court entered an order awarding compensation of permanent total disability to the body as a whole resulting from the accidental injury. The order found that the employer's untimely medical report was not admissible in evidence because it was not filed in compliance with the trial court's order. We found that the trial court abused its discretion by excluding the medical report.[10] In doing so, this Court recognized three principles that apply in workers' compensation cases: 1) the trial court's discretion governs admissibility of belated medical evidence which does not comport with the plain requirements of Workers' Compensation rules governing the presentation of evidence; 2) strict pleading and practice rules are not applicable to workers' compensation cases; and 3) a fundamental requirement mandates that all parties shall have the opportunity to develop their case before the Workers' Compensation Court.

¶ 14 Six years after *Wright*, but four years prior to *Gaines*, we again addressed the question of an *untimely* medical report in *Howard v. T.G. & Y. Stores, Inc.*, 1986 OK 45, 725 P.2d 1262. The *Howard* peti-

tioner filed a claim for workers' compensation benefits based on cumulative trauma. Five days before the cumulative trauma hearing, the employer proffered a medical report which recommended that the employee not be compensated. In mid-hearing, the petitioner objected to the admission of the report pursuant to Rule 19. At that time, Rule 19 provided that if a medical report were untimely, a trial judge could either exclude the report or excuse in writing its tardy filing after an adversary hearing.[11] The trial judge declined to follow either course of action, and admitted the untimely medical report. Following the recommendation of the untimely medical report, trial judge denied the employee's claim for compensation.

¶ 15 Because the trial court declined to follow either of the two permissible courses of action, we found that the "trial judge committed prejudicial error in admitting an untimely medical report which constituted the only evidence supportive of the court's order denying compensation to the claimant." In *Howard*, regarding Rule 19, we also recognized that:

"Absent an agreement or waiver, evidence in a workers' compensation case must be taken according to the rules. The purpose and intent of Rule 19 is to permit each party adequate time to examine the other's evidence and to afford each the fundamental right to cross examine the other's medical experts. In the fair and orderly administration of Oklahoma's workers' compensation system there is no place for surprise or trickery in the presentation of vital medical evidence. It is basic that essential fairness in any litigation process cannot be arrived at without compliance with the rules of orderly procedure."

¶ 16 Rule 19 requires that the parties exchange medical reports twenty days prior to trial, unless good cause is shown to excuse the twenty day requirement.[12] Here, it is undisputed that the employer failed to provide its medical report to the opposing party until five days before trial. Because

---

10. But see, *Yuba Heat Transfer v. Wilson*, 1977 OK 251, ¶ 14, 565 P.2d 674, 676, in which, prior to our decision in *Gaines*, we held that a trial court did not abuse its discretion and properly excluded medical reports on the ground that they were not timely filed with the court.

11. See, 85 O.S. Supp.1990, Ch. 4, App. Rule 19.

12. Title 85 O.S.1991 Ch.4, App. Rule 19, see note 2, supra.

the medical report was late, the judge offered the claimant the opportunity to reset the trial to allow additional time to review the report. Although the claimant declined the court's offer to reset the trial date, the claimant objected to the admission of the report during the trial. The record does not reveal that the trial judge made an express finding of good cause to excuse the untimely medical report. However, it does show that the trial judge overruled the objection, and again offered the claimant the opportunity to reset the trial for a later date to allow her the opportunity to review the medical report. She again refused.

¶ 17 The claimant argues that the admitting of the medical report is unfairly prejudicial. However, she did not complain at the trial level of: prejudice due to lack of notice, the lack of the opportunity to depose the witness or cross-examine him regarding his report, that surprise or trickery was involved in the untimely filing, or that she was somehow unfairly prejudiced by the report not having been filed 15 days earlier.[13] Rather, she argued that the report failed strictly and technically to comply with Rule 19. Under different facts, we might be persuaded that admitting a medical report without an express finding of good cause would warrant a reversal. However, any possible prejudice was negated in this instance because the trial judge offered on two occasions to reset the case, and the claimant waived this opportunity.

¶ 18 Until now, this Court has not previously applied the *Gaines* and *Wright* rationale to untimely medical reports filed pursuant to Rule 19. In *Gaines*, we rejected a jackpot ruling when the substance of a medical report was not properly objected to and corrected at the trial level. Here, the claimant would have us enforce a jackpot ruling based solely on a procedurally technically defective medical report. We find the reasoning behind *Gaines* and *Wright* persuasive

as applied to these facts. The record apparently reveals no specific or unfair prejudice. The *Gaines* teaching is applicable. Admitting the medical report would help to: 1) avoid a windfall by either party; 2) develop competent evidence at the trial level; 3) allow all parties the opportunity to develop their case before the Workers' Compensation Court; and 4) provide a meaningful end to the litigation. Accordingly, we find that the trial court did not abuse its discretion by admitting the belated medical evidence.[14]

## ¶ 19 CONCLUSION

¶ 20 Rule 19 essentially requires that parties exchange medical reports twenty days prior to trial, unless good cause is shown to excuse the twenty day requirement.[15] Although the record does not show that the trial court made a good cause finding, neither does it reflect that the claimant was denied due process, or that she was unfairly prejudiced by the report not having been filed 15 days earlier. We do not intend to signal that the non-diligent filing of medical reports should become a common practice or will be tolerated. All parties are entitled to expeditious handling of their causes without delay or dilatory trial practices. In future cases, before admitting untimely medical reports under Rule 19, the trial judge should inquire into the reason for the untimely filing, and into any possible prejudice to the opposing party. Under the facts in this case, the trial court negated any prejudice by agreeing to reset the case. Consequently, the trial court did not abuse its discretion by admitting the belated medical evidence.

**CERTIORARI GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, SIMMS, WILSON, KAUGER and WATT, JJ., concur.

OPALA and LAVENDER, JJ., dissent.

---

**13.** Although the claimant made no argument at trial that she would be prejudiced by admitting the medical report, see footnote 3, supra, she relies on *Howland v. Douglas Aircraft Co.,* 1968 OK 9, 438 P.2d 5 in support of her argument on appeal that admitting the medical report under the facts presented would be prejudicial error. We find that *Howland* is distinguishable from the present case on its facts. In *Howland,* the report

was filed on the same day that the trial judge entered an order denying compensation.

**14.** *Ed Wright Constr. Co. v. McKey,* note 7, supra.

**15.** Title 85 O.S.1991 Ch.4, App. Rule 19, see note 2, supra.

OPALA, J., with whom LAVENDER, J., joins dissenting to denial of rehearing.

¶1 The court rewards today an employer who belatedly tendered a facially deficient medical report by rejecting the claimant's timely probative-value objection for the failure of that in-court challenge to meet a *new* standard of specificity — one tougher than that fashioned in *Gaines*.[1] I cannot accede to today's pronouncement. It will impose a significant burden without providing a correlative benefit to the judicial decision-making process. Today's tougher standard *sub silentio* demands that one's objection to a medical report cite a specific page and paragraph number from the AMA Guides.[2]

## I

## THE ANATOMY OF LITIGATION

¶2 At the hearing below claimant objected in two respects to the probative value of the employer's medical evaluation by uttering these words: "Dr. Farrar [employer's medical expert] did not find *permanent impairment as a result of a surgically treated disc lesion, nor did he provide for any impairment as a result of motor weakness into the left lower extremity.*[emphasis supplied]"[3] Claimant also challenged the medical report for being untimely. The trial tribunal immediately disposed of the objections stating: "I'm going to overrule your probative value objection. I'm also going to overrule your Rule 19 objection."[4] Without interruption, the judge and claimant discussed the *Perlinger* "jackpot rule"[5] — banished by the *Gaines*[6] decision — as it would affect the claimant's timeliness objection. The judge then assured claimant that a sufficient record had been made of her objections.[7] The Court of Civil Appeals vacated the trial judge's award, ruling that the claimant's timeliness objection should have been sustained.

¶3 This court's opinion on certiorari sustains the trial tribunal's award. It holds *firstly* that a tardily proffered medical report may be admitted in the exercise of the court's discretion. *Secondly*, in a brief footnote the court rejects the probative-value challenge *based on its view that claimant had failed to preserve the evidentiary issue by a timely objection that meets the law's standard of specificity.*[8] It is the court's second notion from which I am in dissent.

## II

## CLAIMANT DID PRESERVE FOR CORRECTIVE RELIEF THE TRIAL TRIBUNAL'S DENIAL OF HER TIMELY PROBATIVE-VALUE OBJECTION

¶4 Advanced at the hearing, claimant's objection focused on two specific legal defi-

---

1. *Gaines v. Sun Refinery and Mktg.*, 1990 OK 33, 790 P.2d 1073.

2. American Medical Association, *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) [AMA Guides].

3. Trial transcript from 7 May 1998; page 20, lines 24-25 and page 21, lines 1-3.

4. *Id.* at page 21, lines 4-6.

5. The so-called *Perlinger* "jackpot rule" permitted a party seeking corrective relief from a permanent impairment award to defer raising specific objections to the opposing party's medical evidence *until* appeal stage *or until* review proceedings. *Perlinger v. J.C. Rogers Constr. Co.*, 1988 OK 33, 753 P.2d 905, 907. If the objecting party's challenge was successful on review, its medical proof became the only evidence available for the claim's disposition.

6. *Gaines, supra* note 1 at 1081.

7. Trial transcript at page 22, line 25 and page 23, line 1.

8. The pertinent parts of Rule 23, Workers' Compensation Court Rules, 85 O.S.Supp.1995, Ch. 4, App., are:

   A. All challenges to the legal sufficiency of the opposing party's evidence shall be made by specific objection at the time of trial or shall be deemed waived.

   \*     \*     \*     \*     \*     \*

   C. An objection to medical testimony offered by a signed, written, verified or declared medical report, if on the grounds that (1) it is based on inaccurate or incomplete history or is otherwise without probative value, or (2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, shall be interposed at the same time it is offered into evidence. . . .

ciencies in the respondent's medical report: the physician's failure to rate her impairment from (a) a surgically treated disc lesion, and (b) from motor weakness into the lower left extremity. The trial tribunal immediately ruled on the objection and foreclosed further discussion, giving no indication that there might have been a misunderstanding as to the essence of claimant's challenge. Claimant's argument before the Court of Civil Appeals was modeled after the probative-value objection earlier interposed before the tribunal and merely advanced the chronology of medical treatment and surgical procedures claimant had undergone.[9] When this court erased claimant's Court of Civil Appeals victory by sustaining the trial tribunal's timeliness ruling, she sought rehearing. She once again pressed her probative-value objection, arguing (in her supportive brief) in substantially the same fashion as she did before the trial tribunal as well as in the earlier brief.[10] Because the Court of Civil Appeals did not address the probative-value objection when it decided the case in claimant's favor, this court on certiorari, is duty-bound to now reach and resolve that undecided issue pressed before us by the Court of Civil Appeals' loser.[11]

## III

### THE LAW THAT GOVERNS THE SUFFICIENCY OF PROBATIVE-VALUE OBJECTIONS

¶5 *Gaines* established the rule that an objection to a medical report must be made in specific terms.[12] This requirement affords the trial tribunal an opportunity to correct its mistakes and preserves a record that allows the reviewing process to focus on the contested infirmity of a medical report without having to conduct a generalized search for errors.[13] In accordance with the Rules of the Workers' Compensation Court, an objection "must state the specific provision of Rule 20 [now Rule 23] and/or the AMA Guides which is the basis of the objection."[14] *Gaines* supplied several examples of properly phrased objections, *none of which requires an evidentiary challenge to cite a specific page number of the AMA Guides.*[15] *Gaines* demands no

9. According to claimant's brief in chief, p. 16:

Petitioner [claimant] objected stating Dr. Farrar failed to provide impairment according to the AMA Guides in that he failed to provide impairment of five percent (5%) as a result of a surgically treated fracture of the posterior elements, i.e. laminae, ten percent (10%) as a result of a surgically treated disc lesion with residuals and five percent (5%) from residuals of right iliac crest bone graft harvesting. Dr. Mayoza [claimant's expert] in his operative report of May 16, 1997, enumerated he performed an extensive left hemilaminectomy and partial facetectomy, L4-5, left with lumbar disc excision and posterior lumbar interbody fusion using right iliac bone graft and Songer cable for posterior lumbar interbody fusion and lateral mass fusion.

10. The text of claimant's rehearing petition, p. 4, states:

Petitioner [claimant] enumerated an objection for failing to provide impairment to a surgically treated disc quoting specific language from the AMA Guidelines to Permanent Impairment, Fourth Edition, page 113, Table 75 II E and for motor weakness quoting language from page 49, Table 12 and page 130 Table 83.... Dr. Farrar's report is not probative and therefore not competent to support the trial court's order because it fails to provide impairment as a result of a surgically treated disc lesion with residuals and residuals of right iliac crest bone graft harvesting.

11. *Hough v. Leonard*, 1993 OK 112, 867 P.2d 438, 445–46, amended the Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that Court (now Oklahoma Supreme Court Rules, 12 O.S.Supp. 1997, Ch. 15, App.1, Part V) by crafting its pronouncement in these words:

When a petition for writ of certiorari to review a decision of the Court of Appeals is granted, an order shall be entered to that effect. Issues not presented in the petition for certiorari will not be considered by the Supreme Court. **Provided, however, if the Court of Appeals did not decide all of the properly preserved and briefed issues, the Supreme Court may — should it vacate the opinion of the Court of Appeals — address such undecided matters or it may remand the cause to the Court of Appeals for that Court to address such issues.** (emphasis added).

12. *Gaines, supra* note 1 at 1080.

13. *Id.* at 1081. *See also H. Perilstein, Inc. v. Stewart*, 1968 OK 5, 437 P.2d 253, 256.

14. *Gaines, supra* note 1 at 1080.

15. The *Gaines* examples are:

more than that a party phrase an objection with clarity and brevity.

¶ 6 Today's analysis *utterly ignores* the obvious legal verity — there is a limit to the *Gaines*-mandated specificity. *Gaines* yields its mandate through the text's examples. The objecting party must bring the defect to the trial tribunal's attention with a degree of specificity that would allow the challenged deficiency to be assessed and the trial tribunal to craft a remedy (if possible).[16] *The AMA Guides as well as this court's precedent make clear that an impairment rating is mandated for both aspects raised by claimant's probative-value objection: (a) motor weakness into the lower left extremity, and (b) a surgically treated disc lesion.*[17]

¶ 7 The law's requirement that there be both clarity and brevity in evidentiary objections is not unique to the compensation juris-

> ... [I]f a party would ask this Court to reject a report for failure to administer the single breath Dco test, he must have initially asked the trial court to reject the report for the doctor's failure to have administered that particular test. If he would ask this Court to disqualify a report for inadequate history in that the claimant's history of exposure to other toxic chemicals was not included, he must first have made that substantially identical request to the trial court. We will make like requirements with respect to alleged errors in computations, uses of ratios, percentages of disability, and so forth....

*Gaines, supra* note 1 at 1080.

**16.** *McDonald v. Strawn,* 78 Okl. 271, 190 P. 558, 562–563 (1920).

**17.** *Guides to the Evaluation of Permanent Impairment, supra* note 2, at 130 (**establishing impairment rating for motor weakness into the lower left extremity**); *Guides to the Evaluation of Permanent Impairment, supra* note 2, at 113 (**setting forth impairment rating for surgical disc lesion procedure**); *LaBarge v. Zebco,* 1988 OK 147, 769 P.2d 125, 126–27 (**declaring that each operated disc requires a minimum 5% impairment rating**).

**18.** Oklahoma statutes mandate as much: "[i]f the ruling is one admitting evidence, a timely objection or motion to strike [shall appear] ... of record, stating the **specific ground of objection,** if the specific ground was not apparent from the context." 12 O.S.1991 § 2104(A)(1) (emphasis added).

**19.** *See, e.g., Cady v. Norton,* 31 Mass (14 Pick.) 236, 237 (1833) *quoted in* I John Henry Wigmore, *EVIDENCE* § 18 at 793 (Tillers rev. 1983):

prudence.[18] This is the model obtaining throughout the Anglo-American legal system, grounded as it is in ancient common-law antecedents. The objection primarily serves to inform the court that something is wrong with the offering party's proof.[19] Once correctly lodged, an objection will save the court's search of the entire record and enable the judge immediately to examine the assailed part.[20]

¶ 8 The common law also teaches that a specific objection will afford the offering party an opportunity to defend or cure the proffered proof.[21] Today's decision fails to notice these two distinct functions: an objecting party initially sets forth a specific grievance against the proffered evidence; then, both the objector and the offering party may follow with an argument elucidating their positions

> [T]he right to except [i.e., object] is a privilege, which the party may waive, and if the ground of exception is known and not seasonably taken, by implication of law, it is waived. This proceeds upon two grounds; one, that if the exception is intended to be relied on, and is seasonably taken, the omission may be supplied, or the error corrected, and the rights of all parties saved. The other is, that it is not consistent with the purposes of justice, for a party knowing of a secret defect, to proceed and take his chance for a favorable verdict, with the power and intent to annul it, as erroneous and void, if it should be against him.

**20.** *See, e.g., Rush v. French,* 1 Ariz. 99, 25 P. 816, 822, 823 (1874) *quoted in* I John Henry Wigmore, *EVIDENCE* § 18 at 819 (Tillers rev. 1983):

> [A] party wishing the benefit of the remedy must, at the time he complains, show how he is hurt; in the language of the old authorities, he must lay his finger upon the point of objection.... He must not merely complain in a general way, and say that to let certain evidence in will hurt his case, and that under the law it ought to be excluded, and leave the judge and opposite side in the dark as to what principle of law he relies on, and compel them to decide haphazard, or else stop the trial of the cause...while the counsel examine the whole body of the law, from the earliest judicial expositions down to the latest act of the legislature, to see if they can discover any valid objection to the testimony.

**21.** *Id.* at 822 ("When evidence is offered to which there is some objection, substantial justice requires that the objection be specified, so that the party offering the evidence can remove it, if possible, and let the case be tried on its merits").

with respect to the challenged proof.[22] Oblivious to the ancient process of the Anglo-American law, *the court today requires instead that the objecting party, whether invited or not, at once support its challenge by a lengthy argument cum citation to the books of authority. The court's model is antithetical to efficient and established courtroom procedure.*[23]

## IV

## SUMMARY

¶ 9 I cannot join today's opinion. The court correctly disposes of the claimant's timeliness challenge, yet utterly ignores her timely and cogent probative-value objection. The latter challenge should be discussed and upheld on certiorari. This is so because it: (a) *was timely interposed,* (b) sufficiently identified two specific deficiencies in the proffered medical report, and (c) was duly preserved for corrective relief on review by *successive* arguments advanced in claimant's briefs, both here on certiorari as well as before the Court of Civil Appeals.

¶ 10 The trial judge's order should be vacated with directions to sustain claimant's probative-value objection to the medical report; the claim should be remanded to the trial judge with directions to proceed in a manner consistent with this court's analysis of the evidentiary process.

---

**22.** I John Henry Wigmore, *EVIDENCE* § 18 at 832 and 841 (Tillers rev. 1983).

**23.** *See, e.g., Tews v. Husqvarna,* 390 N.W.2d 363, 367 (Minn.Ct.App. 1986)(holding that objecting counsel is entitled to set forth an objection but cannot automatically argue the merits of the objection nor the correctness of the court's decision on the objection without permission of the court); Massachusetts Rules of Court, Rules of the Superior Court, General Provision, Rule 8 Objections to Evidence (stating that "[i]n civil actions ... if a party objects to the admission or exclusion of evidence, he may, if he so desires, state the precise grounds of his objection; **but he shall not argue or further discuss such grounds unless the court then calls upon him for such argument or discussion.**") (emphasis added); *see discussion of authorities in 6 AmJur: Trials* § 11, p. 618 (explaining that "[c]ounsel should not begin to argue the merits of the objection until the court invites him to do so, and he should wait until his opponent is seated before standing to address the court.")